**LAW OFFICES OF MICHAEL KELLY**
**John Mancini, Esq.**
Attorneys for Plaintiff (as local counsel)
55 Pine Street – Fifth Floor
Providence, RI 02903
(401) 490-7334 telephone
(401) 490-7874 facsimile

CA 07 084 S

**LAW OFFICES OF PETER W. TILL**
**Peter W. Till, Esq.**
Attorneys for Plaintiffs
(subject to Pro Hac Vice application to the Court)
105 Morris Avenue - Suite 201
Springfield, New Jersey 07081
(973) 258-0064 telephone
(973) 258-0478 facsimile

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ELLEN MOONEY, DANIEL J. MOONEY IV, KATHLEEN MOONEY & JAQUELYNE M. GAMBILL, | |
| | Civil Action No.: |
| *Plaintiff,* | |
| v. | **COMPLAINT & JURY DEMAND** |
| JAMES VIEIRA and JOHN DOES 1-100, | |
| *Defendants.* | |

The Plaintiffs, by way of Complaint against the above named Defendant(s), say:

## PARTIES

1. At the time this cause of action arose, and at all times herein, the Plaintiff Ellen Mooney, an individual, resided at and currently resides at 2801 Parker's Landing Road, Mt. Pleasant, South Carolina 29466 and is a resident of the State of South Carolina.

2. At the time this cause of action arose, and at all times herein, the Plaintiff Daniel J. Mooney IV, an individual, resided at and currently resides at 3337 Kaywood Drive, Falls Church, Virginia and is a resident of the State of Virginia.

3. At the time this cause of action arose, and at all times herein, the Plaintiff Kathleen Mooney, an individual, resided at and currently resides at 2885 South Abington Street, Arlington, Virginia 22206 and is a resident of the State of Virginia.

4. At the time this cause of action arose, and at all times herein, the Plaintiff Jacquelyne Gambill, an individual, resided at and currently resides at 6910 Greenvale Court, Frederick, Maryland 21702 and is a resident of the State of Maryland.

5. At all times herein, the Defendant James Vieira, an individual, resided at and currently resides at 12 Valerie Drive, West Greenwich, RI 02817 and is a resident of the State of Rhode Island.

## JURISDICTION & VENUE

6. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332(1) & (2), and 28 U.S.C. §§1331.

The asserted rights and interests of the Plaintiffs exceed seventy five thousand dollars ($75,000.00) exclusive of interest and costs.

Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

7. Venue is properly before the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 as the Defendant maintains a residence and/or business in Rhode Island.

## FACTS COMMON TO ALL COUNTS

8. During the early 1990's, Daniel J. Mooney, Jr. and his wife Barbara Mooney engaged and hired financial advisor, James Vieira.

9. In April 2005 Daniel J. Mooney, Jr. (the husband of Barbara Mooney) passed away.

10. After the passing of Daniel J. Mooney, Jr., Barbara Mooney (the wife of Daniel J. Mooney, Jr.) continued to reposit responsibility and trust with James Vieira, including but not limited to total control of her finances.

At that time and thereafter James Vieira exerted undue influence upon Barbara Mooney, convincing her to believe that her family was plotting against her, and that they would relocate her to a nursing home so that they would be able to take her money.

11. When Daniel J. Mooney III (the son of Daniel J. Mooney, Jr. and Barbara Mooney) became ill in late August 2005 and passed away on February 16, 2006 date of passing), Daniel J. Mooney IV became successor trustee for Barbara Mooney's (his grandmother) personal and legal affairs on September 1, 2005.

12. During the time period prior to the Summer of 2005 James Vieira maintained complete physical and financial control over Barbara Mooney and further sought to isolate Barbara Mooney to the total exclusion of the Plaintiffs.

13. In fact, James Vieira took Barbara Mooney for purported medical treatment to physicians who cooperated with James Vieira and prescribed medication that exacerbated Barbara Mooney's Alzheimer's disease.

14. James Vieira, at no time from the initial engagement, ever provided an accounting of Daniel J. and Barbara Mooney monies or investments.

15. Subsequent to the Summer 2005 and after numerous incidents, application was made on behalf of Barbara Mooney to the State of Rhode Island seeking to declare Barbara Mooney incompetent.

16. On or about June 8, 2005 John Payne, Esq. was appointed Temporary Guardian for Barbara Mooney as a result of State of Rhode Island court proceedings at that time, which concluded that James Vieira was not proceeding in the best interests of Barbara Mooney.

17. On July 19, 2005 John Payne, Esq. was appointed Permanent Guardian over Barbara Mooney by the Probate Court by the Town of Hopkinton, Rhode Island.

18. At that time and later on John Payne, Esq. as Guardian, proceeded to presumably inquire about allegations of mismanagement, misappropriation and misuse of Barbara Mooney's monies and assets.

19. Within the time frame that James Vieira was in control of Barbara Mooney's money and assets, he took large sums of money from her estate, including but not limited to checks negotiated to his daughter Denise Vieira so as to further divert Barbara Mooney's money in order to avoid detection, to secrete said transactions and further absent any accounting of monies, to which he had no entitlement.

20. There was in excess of approximately $3 million in stocks and savings that remain unaccounted for, which otherwise disappeared without explanation and which accordingly left Barbara Mooney without funds.

21. As a result of the unilateral, unauthorized and unaccounted for taking of funds, and James Vieira's otherwise illicit dealings with Barbara Mooney's finances, in addition to her home, John Payne, Esq. was compelled to liquidate Barbara's personal and investment property, thereafter placing these proceeds into her estate.

22. John Payne, Esq., as Guardian, was forced to obtain a home equity loan for Barbara Mooney in order to pay for her healthcare.

The marital home and another piece of real estate were further subsequently liquidated in order to provide financial support for Barbara Mooney.

23. The personal property contents of Barbara Mooney's home also had to be auctioned in order to generate sufficient funds for her healthcare.

## COUNT ONE

## (Breach of Contract)

24. The Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-23 of the Complaint hereinabove as if set forth at length herein.

25. As a direct and proximate result of the Defendants' breach of contract, the Plaintiffs, as family members and caretakers for Barbara Mooney, have and will continue to suffer substantial damages.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

## COUNT TWO

**(Breach of Covenant of Good Faith and Fair Dealing)**

26. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Count One of the Complaint hereinabove as if set forth at length herein.

27. By virtue of the breaches of the agreements as set forth hereinabove, the Defendant has breached the implied covenant of good faith and fair dealing owed to the Plaintiffs.

28. By virtue of the Defendant's conduct and misrepresentations, as previously set forth above, this Defendant breached the implied covenants of good faith and fair dealing owed to the Plaintiffs.

29. As a direct and proximate result of these actions, the Plaintiffs have and will continue to suffer substantial damages.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

## COUNT THREE

## (Fraud/Material Misrepresentation)

30. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Counts One and Two of the Complaint hereinabove as if set forth at length herein.

31. The Defendant made misrepresentations regarding, among other things, the use and investment of funds, the intended use of the funds, the repayment of the funds, with knowledge of the falsity of said representations, and with the intention that the Plaintiffs rely upon those misrepresentations to Barbara Mooney's detriment.

32. The Defendant intentionally withheld information from the Plaintiffs and intentionally misrepresented information to the Plaintiffs, related to the Defendant's misuse of funds.

33. The Plaintiffs relied on the information forthcoming from Defendant which in fact were knowing misrepresentations of fact all to the Plaintiffs' detriment.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

## COUNT FOUR

**(Breach of Fiduciary Duty)**

34. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Counts One, Two and Three of the Complaint hereinabove as if set forth at length herein.

35. The Plaintiffs acknowledged Daniel J. Mooney, Jr. and Barbara Mooney's prior engagement of the Defendant.

36. By virtue of this placement of trust and confidence, a fiduciary relationship was established and existed between the Plaintiffs (on behalf of Barbara Mooney) and the Defendant.

37. With this placement of trust, the Defendant owed a fiduciary duty to the person contracted with at least (Barbara Mooney), with the requisite obligation to exercise fidelity, good faith and primary devotion to the interests of the principal.

38. By refusing to provide a full and frank disclosure and to further make any required payments or honor any term or obligation pursuant to any of the aforementioned agreements, this Defendant breached this duty.

39. In the alternative, the Defendant, moreover intentionally withheld information related to the misappropriation and misuse of funds.

40. As a direct and proximate result of the Defendant's willful breach of the contract and material misrepresentations, the Plaintiffs have and will continue to suffer substantial damages.

**WHEREFORE,** the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;

b. Compensatory damages;

c. Punitive damages;

d. Interest;

e. Reasonable attorney's fees;

f. Costs of suit;

g. Such other relief as the Court may deem equitable and just.

**COUNT FIVE**

**(Undue Influence)**

41. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Counts One, Two, Three and Four of the Complaint hereinabove as if set forth at length herein.

42. The Defendant had a confidential relationship with Daniel J. Mooney, Jr. and Barbara Mooney, including but not limited to, serving as their agent and broker.

43. Barbara Mooney was susceptible to influence due to her medical condition and reliance on the Defendant for assistance.

44. The circumstances surrounding Barbara Mooney's relationship with the Defendant and the circumstances surrounding the preparation and execution of any financial documents and transactions are accordingly in question and appropriately subject to inquiry.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

**COUNT SIX**

**(Unjust Enrichment)**

45. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and the prior Counts hereinabove as if set forth at length herein.

46. The Defendant has received monies and benefits to which there is no entitlement.

47. The retention of such benefits by the Defendant without repayment is unjust and constitutes unjust enrichment and wrongful taking of Barbara Mooney's money.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

## COUNT SEVEN

### (Conversion)

48. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and the prior Counts of the Complaint hereinabove as if set forth at length herein.

49. James Vieira, in writing checks on Barbara Mooney's bank accounts for his personal expenses, including, but not limited to, car payments, telephone services, landscaping services and life insurance premiums, without authorization from Barbara Mooney, improperly assumed dominion and control over Barbara Mooney's funds for his own use and personal gain, and otherwise deprived Barbara Mooney of her property.

50. James Vieira, in forging Barbara Mooney's names on checks written on Barbara Mooney's bank accounts and depositing said checks into his own account without authorization from Barbara Mooney, improperly assumed dominion and control over Barbara Mooney's funds for his own use and personal gain, and otherwise deprived Barbara Mooney of her property.

51. James Vieira, in writing checks during the subject period as set forth in Paragraphs 1-23 of this Complaint, improperly assumed dominion and control over Barbara Mooney's funds for his own use and personal gain, and otherwise deprived Barbara Mooney of her property.

52. Barbara Mooney has sustained damage as a result of James Vieira's conversion of her property.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant James Vieira for the total amount of unauthorized payments together with interest, attorney's fees and costs of suit, and for such other and further relief as this Court deems just under the circumstances.

**COUNT EIGHT**

**(Constructive Trust As Against John Does 1-100)**

53. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and the prior Counts of the Complaint hereinabove as if set forth at length herein.

54. JOHN DOES 1-100 are individuals or entities to whom assets of the estate have been transferred.

55. JOHN DOES 1-100 are individuals or entities to whom James Vieira transferred monies, real estate, personal property or securities, which James Vieira had purchased with funds that James Vieira illegally obtained from Barbara Mooney.

56. JOHN DOES 1-100 are individuals or entities for whom James Vieira purchased commercial enterprises, real estate, personal property and/or securities with funds that James Vieira illegally obtained from Barbara Mooney.

57. JOHN DOES 1-100 are individuals or entities to whom James Vieira loaned money with funds that James Vieira illegally obtained from Barbara Mooney, which have not been returned or otherwise paid back in full.

58. JOHN DOES 1-100 are individuals or entities with whom James Vieira invested in commercial enterprises or securities with funds that James Vieira illegally obtained from Barbara Mooney.

59. JOHN DOES 1-100 are individuals or entities for whom James Vieira paid any legal obligation with funds illegally obtained from Barbara Mooney.

60. JOHN DOES 1-100 are individuals or entities to whom, and/or with whom James Vieira made any *inter vivos* transfer or transaction utilizing or involving funds that James Vieira illegally obtained from Barbara Mooney.

61. James Vieira' wrongful acts of misappropriating and converting Barbara Mooney's property resulted in the transfer of said property.

62. A constructive trust should be impressed by the Court over the items of property identified herein, as those items of property were purchased with funds that James Vieira illegally obtained from Barbara Mooney.

63. The failure to impress a constructive trust over the items of property identified herein will result in an unjust enrichment and/or fraud.

64. As James Vieira purchased the subject life insurance policies with funds illegally obtained from Barbara Mooney and written on Barbara Mooney's personal checks, Barbara Mooney is the beneficial owner of those policies.

65. Barbara Mooney is entitled to proceeds of any and all life insurance policies James Vieira purchased with funds illegally obtained from Barbara Mooney, irrespective of the beneficiaries James Vieira named therein.

**WHEREFORE,** Plaintiffs demand judgment against Defendant James Vieira for the total amount of unauthorized payments together with interest, attorney's fees and costs of suit, and for such other and further relief as this Court deems just under the circumstances.

**LAW OFFICES OF MICHAEL KELLY**
John Mancini, Esq.
Attorneys for Plaintiff (as local counsel)
55 Pine Street
Fifth Floor
Providence, RI 02903
(401) 490-7334 telephone
(401) 490-7874 facsimile

By:____________________
John Mancini, Esq.

**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq.
Attorneys for Plaintiffs (subject to Pro Hac Vice application to the Court)
105 Morris Avenue, Suite 201
Springfield, NJ 07081
(973) 258-0064
(973) 258-0478

By:____________________
Peter W. Till, Esq.

DATED: January 19, 2007

**JURY DEMAND**

The Plaintiffs herein demand a trial by jury as to all issues.

**LAW OFFICES OF MICHAEL KELLY**
John Mancini, Esq.
Attorneys for Plaintiff (as local counsel)
55 Pine Street
Fifth Floor
Providence, RI 02903
(401) 490-7334 telephone
(401) 490-7874 facsimile

By: ____________________
John Mancini, Esq.

**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq.
Attorneys for Plaintiffs (subject to Pro Hac Vice application to the Court)
105 Morris Avenue, Suite 201
Springfield, NJ 07081
(973) 258-0064
(973) 258-0478

BY: ____________________
Peter W. Till

DATED: January 19, 2007