UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ELLEN MOONEY; Et Al.

VS. CA NO: 07-084S

JAMES VIEIRA

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENA DUCES TECUM**

Plaintiffs' Compliant was filed on or about March 5, 2007 and served upon Defendant on March 15, 2007. The Parties are the daughter -in-law and grandchildren of Barbara Mooney, an individual residing in the Town of Hopkinton, Rhode Island. Mrs. Mooney is under the guardianship of The Hopkinton Probate Court which, on June 8, 2005 appointed John Payne, Esq. as temporary guardian, and on July 19, 2005 appointed him as permanent guardian.

The defendant is alleged by Plaintiffs to have been a financial advisor to Mrs. Mooney, and her late husband Daniel Mooney. He is alleged to have misappropriated funds belonging to Barbara Mooney. The Complaint alleges eight counts, each one based upon the Defendant's wrongful misappropriation.

On April 2, 2007, the Defendant filed a *pro se* Answer generally denying the allegations. On April 4, 2007, the Court scheduled the matter for a May 2, 2007 Rule 16 Conference. On May 1, 2007 the undersigned filed a Notice of Appearance on behalf of the Defendant.

On May 1, 2007 Defendant was left a message to contact a Constable, who, once contacted served Defendant with a Notice of Deposition scheduling the same for hearing on April 30, 2007, and further served a Subpoena Duces Tecum requiring Defendant to bring a schedule of documents with him to Plaintiff's counsel's law office for a May 7, 2007 deposition.

Defendant now moves to quash the subpoena duces tecum, and seeks a protective order for the following reasons:

**1. FRCP 26(d) requires that the parties have an initial conference before a deposition can be noticed.**

Rule 26(d) provides:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or

> agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

Local Rule 26 is consistent with this mandate, and adds that if a motion is filed in lieu of an answer , the scheduling conference shall be deferred until ten days after filing. In this case, as indicated below, a dispositive motion is anticipated to be filed by the Defendant.

Furthermore, Rule 30 (a)(2)(C) provides that no deposition shall take place without leave of court if the notice requires an appearance before the time specified in Rule 26(d). No Rule 26(f) Conference has taken place. The plaintiffs have not obtained leave of court to take Defendant's deposition. The Notice is invalid if for no other reasons.

**2. The Notice is Defective.**

The Notice of Deposition commands the Defendant's appearance on April 30, 2007 at 2:00 p.m. **Exhibit A.** It was served on May 1, 2007. The Subpoena, on the other hand, also served on May 1, 2007 commands Defendant's appearance for a deposition on May 7, 2007. **Exhibit B**.

Rule 30(b) requires that the notice, time and place of hearing be contained in the deposition notice. The deposition notice is insufficient, having been served upon Defendant after the appearance date has expired.

**3. The Timeliness of the Notice is Unreasonable.**

Rule 30(b) requires that the Notice of Deposition shall give reasonable notice in writing to every other person in writing. Even assuming that the deposition is noticed for May 7, 2007, a six day notice provision is unreasonable. The question of what constitutes proper notice is factually intensive. In a complex case, ten (10) days notice was deemed to be unreasonable. *In re Sulfuric Acid Antitrust Litigation*, 231 FRD 320, 327 (ND Ill.2005). In other cases, six (6) days notice was deemed unreasonable. *In re Stratosphere Corp. Securities Litigation*, 183 FRD 684, 687 (D. Nev. 1999).

In this case, Defendant is required to produce thirteen (13) categories of documents, each one seeking *any and all* documents pertinent to the category. Instructions state that the

categories are to be construed as broadly s possible "to include all documents that may conceivably fall within their scope." Document is to be given its "broadest meaning contemplated by Rule 34." While the instructions and definitions are not objectionable *per se*, the breadth of the requests potentially requires an effort more than the limited time afforded to Defendant to produce said documents.

Furthermore, also to be considered is that Defense counsel, newly entered as attorney of record, is scheduled for a trial before Judge Lagueux. Jury empanelment is take place on May 7, 2007, and a six to nine day trial expected to commence May 8, 2007. *Inventors Greenhouse v. Hasbro, Inc.* 05-246L. Accordingly, the time scheduled for the deposition, considering the circumstances, is unreasonable, and a protective order should prevent it from going forward.

**4. The Complaint is facially invalid and subject to Dismissal.**

Defendant intends to file a motion to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs lack standing, and the Court lacks subject matter jurisdiction to entertain Plaintiffs' allegations. It would be unfair to Defendant to allow his deposition to go forward in view of the same.

**Conclusion**

For the reasons stated above, Defendant respectfully requests that a protective order issue, and the subpoena duces tecum be quashed.

DEFENDANT
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To:

John O. Mancini, Esq.
Law Office of Michael Kelly
55 Pine Street, Fifth Floor
Providence, RI 02903

Peter W. Till, Esq.
Law Office of Peter W. Till
105 Morris Avenue, #201
Springfield, NJ 07081

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: May 1 , 2007

/s/ Mark B. Morse