**LAW OFFICES OF MICHAEL KELLY, PC**
**John Mancini, Esq.**
Attorneys for Plaintiff (as local counsel)
55 Pine Street – Fifth Floor
Providence, RI 02903
(401) 490-7334 telephone
(401) 490-7874 facsimile

**LAW OFFICES OF PETER W. TILL**
**Peter W. Till, Esq.**
Attorneys for Plaintiffs
(Pro Hac Vice admission April 6, 2007)
105 Morris Avenue - Suite 201
Springfield, New Jersey 07081
(973) 258-0064 telephone
(973) 258-0478 facsimile

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ELLEN MOONEY, DANIEL J. MOONEY IV, KATHLEEN MOONEY & JAQUELYNE M. GAMBILL, | Case Number: 07-084S |
| *Plaintiff,* | |
| v. | NOTICE TO TAKE ORAL DEPOSITION |
| JAMES VIEIRA and JOHN DOES 1-100, | |
| *Defendants.* | |

TO: James Vieira
12 Valerie Drive
West Greenwich, RI 02817

S I R:

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, counsel for the Plaintiffs shall take the Deposition upon oral examination of the Defendant, James Vieira, before a person authorized by the laws of the State of Rhode Island to administer oaths, on **Monday, April 30, 2007** commencing at 2:00 p.m., **at the offices of John Mancini, Esq.,** Attorneys for Plaintiff (as local counsel), 55 Pine Street – Fifth Floor, Providence, RI 02903 with regard to all matters relevant to the subject matter involved in this action. The deposition shall continue from day to day until completed.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(5), the witness is required to bring with him or produce at this deposition the following described materials, documents and records:

**INSTRUCTIONS**

1. You are to produce all documents referred to or described below which are in your possession, custody or control, within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure, and pursuant to Rule 30(b)(5) and by reference Rule 34 of the Federal Rules of Civil Procedure.

2. These requests for documents shall be as broadly construed as possible to include all documents that may conceivably fall within their scope. The specificity of any request for documents shall not be construed to limit the generality of any other request. Whenever appropriate, the singular form of a word shall be interpreted in the plural, and the plural in the singular. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

3. All requested documents shall be produced at the above-noticed deposition.

4. You are to produce the original of each requested document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof.

5. All requested documents shall be produced either as they are kept in the normal course of business, or organized and labeled to correspond to the categories requested.

6. To the extent a document sought herein and the document was, but is no longer in your possession, subject to your control, or in existence, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding any authorization for its disposition; state the date or approximate date of disposition; the contents of the documents; and the person who authorized its transfer, destruction, or other disposition. Documents prepared prior or subsequent to, but which relate or refer to, the time period covered by these requests are to be identified.

7. If any response to a request refers to a document no longer in your possession, subject to your control, or in existence, identify to the best of your knowledge the name and address of each person having possession, custody, or control of such document and, in all cases, identify the document in a form adequate to permit a demand for its production, including the author, addressee(s), title, date and subject.

8. For all documents that you do not intend to disclose because of an assertion of privilege, as to each document: Identify the document's subject matter, date, author(s), addresses(s) and all other recipients, the nature of the privilege (e.g., attorney-client privilege, attorney work product), and the basis for the privilege asserted.

9. The masculine includes the feminine; and the feminine includes the masculine.

10. If you believe a request is overly broad in part, please respond to the reminder and explain the perceived overbreadth.

11. The terms "refer," "relating," "relate," and "relating" are used in their broadest possible meaning to include anything which is associated with, reflects, modifies, has a similar theme or subject, is the genesis of or successor of, or demonstrates supporting or conflicting data.

12. This request for document is continuing in nature, so that if responsive documents come to your attention after your response, your response should be timely supplemented to include such documents.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply to these discovery requests:

A. "You" or "Your" means Defendants James Viera and John Does 1-100 and your attorneys, servants, employees, representatives, and all other persons acting or purporting to act on your behalf.

B. The term "Plaintiff" shall mean Ellen Mooney, Daniel J. Mooney IV, Kathleen Mooney & Jaquelyne M. Gambill, and their attorneys, servants, representatives, and all others acting or purporting to act on their behalf.

C. The term "Complaint" refers to the Complaint filed by the Plaintiff in this matter.

D. "Representative" means any person acting or purporting to act for or on behalf of any other "person."

E. "Document" shall be given the broadest meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all kinds of writing (including but not limited to correspondence, reports, internal memoranda, personal notes, notations, work papers, drafts and other writing), drawings, charts, photographs, phone records, tape recordings, computer printouts, microfilm and microfiche, and all other information kept by written, electronic, photographic, mechanical or other means, however denominated.

F. The terms "refer to" or "refers to" means mentioning, discussing, making reference to or relating to in any way.

G. The terms "relate to" or "relates to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

H. The term "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, pertaining to, concerning or referring to, directly or indirectly.

I. The terms "possession, custody or control" of documents means actual or constructive possession, custody or control by you, including documents in the possession of your attorneys or retained consultants or experts now, or any time up until and through the trial of this case.

**NOTICE TO PRESERVE COMPUTER DATA**

This Notice is to advise you that Plaintiffs intends to discover your computer data and to instruct you to preserve all electronic data relevant to this litigation and to maintain the layout and configuration of your computer system until the parties reach a complete agreement regarding the preservation of electronic data. You are prohibited from initiating or performing any activity which would or might result in the loss of electronic data, e.g., data compression, rotation, destruction, erasure of data – either on-line or off-line, de-fragmentating any hard drives, and/or purging any directories relating to this litigation. This Notice applies to you and your agent's, employees and/or representative's employees' computers, e.g., servers, personal computers, mini-computers, laptop computers, notebook computers, palm computers, personal digital computers, main frames or other equipment. You are also directed to maintain your electronic data storage devices and media, and all activity logs whether made by employees, vendors or others.

**DOCUMENTS REQUESTED**

1. Any and all documents relating to or referring to the your engagement by Daniel J. Mooney, Jr. or Barbara Mooney as their financial advisor, including, but not limited to the contract, information documents, correspondence or your notes relating to meetings conducted with the above mentioned persons.

2. Any and all documents relating to or referring to the finances of Daniel J. Mooney, Jr. or Barbara Mooney, during the period prior to your engagement as the financial advisor of the above mentioned persons till now, including, but without limitations, all documents which show their finances, payment of variegated expenses and investments.

3. Any and all documents relating to your advice with respect to the finances of Daniel J. Mooney, Jr. or Barbara Mooney, including but not limited to recommended investments, stocks, strategies and such.

4. Any and all documents relating to or referring to the bank accounts for Daniel J. Mooney, Jr. or Barbara Mooney which are within your possession.

5. Any and all documents relating to or referring to Barbara Mooney which demonstrate an intent by her family, not in Barbara Mooney's best interests or which exhibit an intent by her family to relocate her to a nursing home.

6. Any and all documents, but without limitation, which relate to the medical treatment of Barbara Mooney.

7. Any and all documents, but without limitation, which refer to or relate to Daniel J. Mooney, Jr. or Barbara Mooney's monies or investments.

8. Any and all documents, but without limitation, which refer to or relate to the application made on behalf of Barbara Mooney to the State of Rhode Island seeking to declare Barbara Mooney incompetent.

9. Any and all documents, but without limitation, which refer to or relate to the court proceedings in the State of Rhode Island for the appointment of a Temporary Guardian for Barbara Mooney.

10. All bank statements and bank accounts in your name or within your control, spanning the time period of six months just prior to your engagement as financial advisor for Daniel J. Mooney, Jr. or Barbara Mooney and six months prior to the institution of this action.

11. Any and all documents, but without limitation, relating to or referring to the internal policies of your employer, or if self-employed, any documents referring to the engagement of clients, compliance with any applicable laws or advisement and use of client funds.

12. Any and all documents, but without limitation, which you intend to rely upon for your defense against the Plaintiffs in the instant action.

13. Any and all documents, but without limitation, relating to or dealing with any proceedings or investigations against you by the State of Rhode Island Attorney General's Office.

**LAW OFFICES OF MICHAEL KELLY, PC**
**John Mancini, Esq.**
Attorneys for Plaintiff (as local counsel)

By: ______________________
John O. Mancini

**LAW OFFICES OF PETER W. TILL**
**Peter W. Till, Esq.**
Attorneys for Plaintiffs
(Pro Hac Vice admission: April 6, 2007)

By: ______________________
Peter W. Till

Dated: April 18, 2007

**LAW OFFICES OF MICHAEL KELLY**
**John Mancini, Esq.**
Attorneys for Plaintiff (as local counsel)

By: ______________________
John O. Mancini

**LAW OFFICES OF PETER W. TILL**
**Peter W. Till, Esq.**
Attorneys for Plaintiffs
(Pro Hac Vice admission: April 6, 2007)

By: ______________________
Peter W. Till

Dated: April 17, 2007