UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ELLEN MOONEY; Et Al.

VS. CA NO: 07-084S

JAMES VIEIRA

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), 12(b)(6), and 12(b)(7)**

**Introduction**

Plaintiffs have not alleged any cognizable claims against this Defendant on their own behalf. A careful reading of the Complaint fails to establish a legal relationship or a harm accruing to these Plaintiffs that gives rise to any claim on their own behalf. The Plaintiffs lack standing to bring the Complaint.

**The Allegations**

Reciting the essential points of the Complaint, it is alleged that:

The Plaintiffs are out of state individuals and jurisdiction is invoked based on diversity and the amount in controversy exceeding a claim for $75,000.00. **Complaint ¶¶ 1-7**. Factually, the Complaint then alleges that Daniel J. Mooney, Jr. passed away in April 2005, and was survived by his wife Barbara Mooney, and that The Defendant was a financial advisor to both Daniel, Jr. and to Barbara. Plaintiffs contend that Defendant exercised undue influence over Barbara, and that after his father's demise, Plaintiff Daniel J. Mooney IV became successor Trustee to Barbara Money's personal and legal affairs as of September 1, 2005. **Complaint ¶¶ 8-11**.

No allegation is made that there was a Trustee prior to Daniel J. Mooney IV, nor is there any specificity as to manner in which Plaintiff Daniel IV became successor Trustee. No document establishing a Trust is referred to in the Complaint, and importantly, there is no claim

brought on behalf of the Trust or by Daniel Mooney IV in his capacity as Trustee. The allegation that Daniel IV is a Trustee, is simply an artful attempt to indirectly claim a harm through an extra legal relationship.

Paragraphs 12 through 15, and 18 through 20 allege the Defendant committed actionable harm to Barbara Mooney including a misappropriation of her funds and misuse of assets belonging to Barbara Mooney. On June 8, 2005, the Complaint alleges that John Payne was appointed Temporary Guardian over Barbara Mooney, and appointed permanent guardian by the Probate Court of Hopkinton on July 19, 2005. **Complaint ¶¶ 16-17**. John Payne is then alleged to have investigated allegations of misappropriation and misuse of assets. Due to Defendant's purported misdeeds, it is then alleged that John Payne was required to liquidate remaining assets, and the home of Barbara Mooney. **Complaint ¶¶ 21-23**. Barbara Mooney is not a party to these proceedings, either in her own right or through her lawfully appointed guardian, John Payne.

Count I is for breach of contract against the Defendant for which the Plaintiffs "as family members and caretakers for Barbara Mooney" will suffer harm.

Count II is for a breach of fair dealing and breach of the "implied covenant of good faith and fair dealing owed to the Plaintiffs." The previous paragraphs of the Complaint are incorporated into Count II, but no basis is set forth as to how Defendant owed a duty to these Plaintiffs in the context of a breach of an agreement, presumably with Barbara Mooney.

Count III alleges that Defendant made misrepresentations regarding the use of and investment of the funds "with the intention that the Plaintiffs rely upon those misrepresentations to Barbara Mooney's detriment," and that "the Defendant intentionally withheld information from the Plaintiffs and intentionally misrepresented information to the Plaintiffs, related to the Defendant's misuse of funds," and that "the Plaintiffs relied on the information…all to the Plaintiffs' detriment." **Complaint ¶¶ 31-33**.

In Count IV Plaintiffs claim that a fiduciary duty existed between the Defendant and the Plaintiffs on behalf of Barbara Mooney, that Plaintiffs acknowledged the Defendant's

relationship to Barbara Mooney, and the late Daniel J. Mooney, Jr., that a fiduciary duty was owed to Barbara Mooney which Defendant breached, or alternatively that Defendant intentionally withheld information which will cause Plaintiffs to sustain damages. Complaint ¶¶ **35-50**.

Count V alleges a confidential relationship with Daniel Mooney, Jr. and Barbara Mooney making Barbara Mooney susceptible to Defendant's influence. Accordingly, Plaintiffs aver, the circumstances should be investigated. **Complaint ¶¶ 42-43**.

Count VI is for unjust enrichment based on a wrongful taking from Barbara Mooney, and Count VII alleges that the Defendant wrote checks from Barbara Mooney's account for his own benefit, and forged her name to checks. Finally, Count VIII seeks for this Court to impose a constructive trust over various John Does 1-100 to whom Defendant is alleged to have transferred his alleged ill-gotten gains from Barbara Mooney.

**The Plaintiffs Lack Standing to Bring The Within Claims**

There is a fundamental absence of any harm alleged to Plaintiffs which could flow from the actions alleged against Defendant. All the allegations in the Complaint allege harm to Barbara Mooney. The Plaintiffs can claim no legal relationship sufficient to transfer any alleged harm from Barbara Mooney to themselves.

The closest Plaintiffs come to setting forth a legally cognizable claim is still not close enough. In Count III Plaintiffs allege that Defendant intentionally misrepresented information to the Plaintiffs, related to the Defendant's misuse of funds," and that "the Plaintiffs relied on the information…all to the Plaintiffs' detriment." **Complaint ¶¶ 31-33**. Notwithstanding that any such misrepresentations must be stated with sufficient particularity as to time, place and substance, *Fed. R. Civ. P. 9(b),* it is simply not enough to incorporate the previous allegations of a Complaint alleging a legal harm to Barbara Mooney, and then to conclude that the Plaintiffs' have thus been harmed. Even were the allegations deemed true, which Defendant vehemently denies, the substance of the alleged misrepresentations is the alleged wrongful conduct committed against Barbara Mooney. The requisite harm to Plaintiffs is not established through the

pleadings. *Fleet Nat. Bank v. Anchor Media Television, Inc.*, 45 F.3d 546 (1st Cir. 1995; *Dunn & McCarthy v. Bishop,* 90 A 1073 (RI 1914); *Farmer v. Lynch,* 67 A. 449 (RI 1907).

Standing requires that a party allege conduct causing a specific harm to the Plaintiff. *Lujan v. Defenders of Wildlife,* 504 US 555 (1992). The *Lujan* Court stated the three essential Constitutional minimum requirements for a person to have standing. (1). The Plaintiff must have "an injury in fact; (2) There must be a causal connection between the injury and the conduct complained of which must be traceable to the challenged action of the Defendant, and not to a third party not before the court, and (3) it must be likely that the injury will be redressed by a favorable decision. *Id* at 560-61. In its footnote the *Lujan* Court further elucidates its meaning of a "particularized" injury as a "the injury must affect the plaintiff in a personal and individual way".

In this instant matter, the Complaint alleges no particularized injury to these Plaintiffs. The injury is alleged to Barbara Mooney. Pursuant to the allegations of the Complaint Barbara Mooney is alive, and is under the guardianship of John Payne, Esq. **Complaint ¶¶ 16-17**.

The Plaintiffs have the burden of establishing the elements of standing. *Id. citing FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231,(1990); *Warth v. Seldin,* 422 U.S. 490, 508 (1975). Standing requirements are not mere pleading requirements, but an indispensable part of the Plaintiffs' case.

Even under the looser standards allowed in the initial pleading stage, the Plaintiffs cannot survive a dismissal without pleading the requisite causality from Defendant's alleged conduct to harm to their particularized interests. General allegations of harm may suffice at this stage, but the harm alleged still must be particularized to the Plaintiffs. *Id.*

In this case, even Count III, which purports to claim damage to these Plaintiffs falls short. Even were the Court to accept the proposition that the Defendant made misrepresentations to the Plaintiffs, the misrepresentations are as to wrongful conduct involving Barbara Mooney's interests. The only duty owed by Defendant for the alleged misrepresentations would be as to Barbara Mooney.

As noted by the *Lujan* Court, an essential element of the standing requirement is (3) that the injury can be redressed by a favorable decision. Thus, even if the Court were to determine that misrepresentations by the Defendant to the Plaintiffs was actionable, a favorable verdict would require that a non-party Barbara Mooney, be made whole. Any harm accruing to Plaintiffs can only be redressed by resorting to a remedy for Barbara Mooney.

Accordingly, the Plaintiffs fail to establish by the pleadings that they have standing to bring the claim. An essential person, Barbara Mooney is not a party to the claims, either in her own right or in a representative capacity. If for no other reason, Plaintiffs' Complaint should be dismissed.

**Subject Matter Jurisdiction Lies with the Hopkinton Probate Court**

"A challenge to subject matter jurisdiction questions the Court's authority to adjudicate the controversy before it." *Pine v. Clark*, 636 A.2d 1319, 1321-22 (R.I.1994). The claim may not be waived by any party. It may be raised at any time in the proceedings. *Id*. (*citing La Petite Auberge, Inc. v. Rhode Island Comm'n for Human Rights*, 419 A.2d 274, 280 (R.I.1980); Super. Ct. R. Civ. P. 12(b) & (h)). The issue of subject matter jurisdiction is a threshold one that must be addressed before reaching the merits of a controversy. *Id.*

RIGL § 8-9-9 provides in pertinent part:

General probate jurisdiction

> Every probate court shall have jurisdiction in the town or city in which it is established of the probate of wills; the granting of administration, the appointment of custodians, of administrators, of guardians of persons and estates, or of persons only or of estates only, and of conservators;… The court shall have power to accept the resignation of, or to remove, any custodian, executor, administrator, or guardian, or any other person appointed by the court, and also power to do and transact all matters and things incidental to the jurisdiction and powers vested in probate courts by law. Every probate court shall have the

> power to follow the course of equity insofar as necessary to fulfill the mandates of title 33 of the General Laws, specifically: the replacement, removal, or filling of any vacancy of any trustee under a trust established under a will; or tax minimization or estate planning under § 33-15-37.1. The jurisdiction assumed in any case by the court, so far as it depends on the place of residence of a person, shall not be contested in any suit or proceedings except in the original case or on appeal therein or when the want of jurisdiction appears on the record**.**

The Federal Court long recognized the "probate exception" to its jurisdiction. *Lepard v. NBD Bank,* 384 F.3d 232, 237 (6 Cir.2004). "The probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Id*. (*quoting Cenker v. Cenker*, 660 F.Supp. 793, 795 (E.D.Mich.1987))

"It has long been held by the United States Supreme Court that the federal courts have no probate jurisdiction and that the states have exclusive control over matters involving probate proceedings. Probate jurisdiction is wholly distinct from the jurisdiction of courts of equity…" *Atwood v. Rhode Island Hospital Trust Co*., 34 F.2d 18, 21 (1st Cir. 1929).

In *Mangieri v. Mangieri,* 226 F.3d 1, 3 (1 Cir.2000) the First Circuit held that claims brought for breach of fiduciary duty and for enforcement of rights under the Massachusetts omitted child statute could not proceed in federal court under the probate exception to federal court jurisdiction.

Because the probate exception has sometimes been an elusive concept, the Supreme Court in *Marshall v. Marshall*, 547 US 293, 126 S.Ct. 1735 (2006) attempted to clarify when the exception would apply. The *Marshall* Court declared the probate exception to apply when the federal court proceedings would interfere with control of property within the custody of the probate court. 126 S.Ct. at 1748.

In the instant matter, the Plaintiffs' Complaint refers to the appointment of a Guardian for Barbara Mooney, and an investigation of the Defendant by the guardian. The guardian is an

arm of the Hopkinton Probate Court, and derives his authority from the Probate Court. Having been appointed guardian for Mrs. Mooney, all claims as to her property must be prosecuted by the guardian.

Thus, any claims for misappropriation of funds are claims that involve the same *res,* as is under the control and authority of the Hopkinton Probate Court. Any such claims must be challenged in the Probate Court, and claims made to the Guardian for appropriate action. The probate exception to federal court jurisdiction is implicated, and the Court should, respectfully decline its jurisdiction in these proceedings.

**Conclusion**

Plaintiffs lack standing to bring the within claims. The Court lacks subject matter jurisdiction due to the probate exception to federal court jurisdiction. Plaintiffs' claims should be dismissed.

DEFENDANT
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: John O. Mancini, Esq.
Law Office of Michael Kelly
55 Pine Street, Fifth Floor
Providence, RI 02903

Peter W. Till, Esq.
Law Office of Peter W. Till
105 Morris Avenue, #201
Springfield, NJ 07081

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: May 3 , 2007

/s/ Mark B. Morse