**LAW OFFICES OF PETER W. TILL**
105 Morris Avenue - Suite 201
Springfield, New Jersey 07081
(973) 258-0064
Attorneys for Plaintiffs

**LAW OFFICES OF MICHAEL KELLY**
55 Pine Street, Fifth Floor
Providence, RI 02903
(401) 490-7874
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ELLEN MOONEY, DANIEL J. MOONEY, IV, KATHLEEN MOONEY, JAQUELYNE M. GAMBILL | Civil Action No.: 1:07-CV-00084 (WES) |
| *Plaintiffs.* | **CIVIL ACTION** |
| *vs.* | |
| JAMES VIERA, | |
| *Defendant.* | |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH THE SUBPOENA DUCES TECUM AND IN SUPPORT OF THE PLAINTIFF'S CROSS-MOTION FOR FEES AND EXPENSES INCURRED IN RELATION TO THE INSTANT MOTION.

On the brief:
Peter W. Till, Esq.

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT

POINT I

THE DEFENDANT IS NOT ENTITLED TO A PROTECTIVE ORDER AS HE HAS FAILED MISERABLY TO SHOW "GOOD CAUSE" AS REQUIRED BY FED. R. CIV. P. 26(C) . . . . . . . . . . . . . . . . . . . . 3

A. THE DEFENDANT DID NOT HAVE SUBSTANTIAL JUSTIFICATION TO SEEK A PROTECTIVE ORDER AND THUS SHOULD BE REQUIRED TO PAY THE EXPENSES INCURRED BY THE PLAINTIFFS IN CONNECTION WITH THIS MOTION . . . . . . . . . . . . . . . 5

POINT II

THE DEFENDANT'S MOTION TO QUASH THE SUBPOENA DUCES TECUM OUGHT PROPER BE DENIED AS THE PURPORTED PROCEDURAL DEFECTS ARE SURELY CURABLE AND ANY OF THE ALLEGED BURDENS HAVE BEEN RENDERED MOOT . . . . . . . . . 8

A. REQUIREMENT OF AN INITIAL CONFERENCE PURSUANT TO FED. R. CIV. P. 26(D) HAS BEEN RENDERED MOOT AND IN THE ALTERNATIVE CAN BE CURED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B. THE DEFENDANT WILL BE PROVIDED WITH A SIGNFICANT AMOUNT OF TIME TO PRODUCE SAID DOCUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . 9

C. THIS COURT HAS STAYED FACTUAL DISCOVERY PENDING ENTRY OF ITS DECISION ON THE DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . .11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES


**Cases:** **Page**

Gill v. Gulfstream Park Racing Assoc., 399 F.3d 391 (1st Cir. 2005) . . . . . . . . . . 4

In re Agent Orange Prod. Liability Lit., 821 F.2d 139 (2d Cir.) cert. denied, 484 U.S. 926 (1987) . . . . . . . . . . 4

In re Sealed Case (Medical Records), 381 F.3d 1205 (D.C. Cir. 2004) . . . . . . . . . . 4

Mangosoft, Inc. v. Oracle Corp., 02-cv-545-SM, 2005 WL 2203171 (D.N.H. Sept. 9, 2005) . . . . . . . . . . 4

Pierce v. Underwood, 487 U.S. 552 (1988) . . . . . . . . . . 6

Public Citizen v. Liggett Group, Inc., 858 F.2d 775 (1st Cir. 1988) . . . . . . . . . . 4

Rodriguez v. Boehringer Ingelheim Pharms., Inc., 425 F.3d 67 (1st Cir. 2005) . . . . . . . . . . 3

Sheppard v. River Valley Fitness One, L.P., 328 F.3d 1 (1st Cir. 2005) . . . . . . . . . . 6, 7

**Federal Statutes:**

Fed. R. Civ. P. 16 . . . . . . . . . . 7

Fed. R. Civ. P. 26(c) . . . . . . . . . . *passim*

Fed. R. Civ. P. 26(d) . . . . . . . . . . 8

Fed. R. Civ. P. 26(f) . . . . . . . . . . 8, 9

Fed. R. Civ. P. 37(a)(4) . . . . . . . . . . 6, 7

Fed. R. Civ. P. Comments to the 1993 Amendments (subdivision (f)) . . . . . . . . . . 8

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the Plaintiffs, Ellen Mooney, Daniel J. Mooney, IV, Kathleen Mooney and Jaquelyne M. Gambill (collectively "Plaintiffs"), in opposition to the Defendant's Motion for a Protective Order and to Quash the Subpoena Duces Tecum and in support of their Cross-Motion for fees and expenses incurred in relation to this motion, pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4).

## INTRODUCTION

The Plaintiffs commenced the above-captioned action against the Defendant, James Viera ("Viera" or "Defendant") on or about March 5, 2007, in connection with the alleged misappropriation of funds belonging to the late Daniel J. Mooney, Jr. and Barbara Mooney. On April 4, 2007, this Court scheduled this matter for a Rule 16 Conference, to be conducted on May 2, 2007.

In connection with the above-captioned action, the Plaintiffs attempted to personally serve the Defendant with a Notice of Deposition and Subpoena Duces Tecum, on several occasions, between April 18, 2007 and May 1, 2007. On May 1, 2007, the Defendant finally contacted a constable, who served the former with a Notice of Deposition and a Subpoena Duces Tecum.

The Notice of Deposition was originally scheduled for April 30, 2007 and the Subpoena Duces Tecum required the Defendant to bring a schedule of

documents with him to Plaintiffs' counsel's office for a May 7, 2007 review and deposition.

On May 2, 2007, the parties engaged in a Rule 16 Conference before the Honorable William E. Smith of the United States District Court of the District of Rhode Island. John Mancini, Esq. appeared on behalf of the Plaintiffs and Mark B. Morse, Esq. appeared on behalf of the Defendant. By Pretrial Order, and upon the representation of counsel for the Defendant, this Court stayed all factual discovery until entry of its decision on the Defendant's motion to dismiss.

Defendant has moved by the instant motion to quash the Subpoena Duces Tecum and to seek a Protective Order against the Plaintiffs' discovery requests. In support of its motion, the Defendant assets that (i) Fed. R. Civ. P. 26(d) requires an initial conference prior to noticing a deposition; (ii) the Notice of Deposition is defective; (iii) timeliness of the notice is unreasonable; and (iv) the Complaint is facially invalid and subject to dismissal.

The Plaintiffs respectfully submit that the Defendant's stated reasons in support fail miserable to show "good cause," as required by Fed. R. Civ. P. 26(c) for a protective order. Further, because the Defendant has utterly failed to show any particular or specific demonstration of substantive fact which would establish a "good cause" and thus without substantial justification, the Plaintiff should be entitled to fees and expenses incurred in relation to this motion.

Furthermore, the Plaintiffs respectfully submit that the Defendant's motion to quash the subpoena duces tecum should be denied because all of the

procedural defects and alleged burdens are curable or have been rendered moot, particularly in light of the fact that this Court has stayed all factual discovery pending the entry of its decision on the Defendant's motion to dismiss.

Therefore, the Plaintiffs respectfully submit that this Court ought properly deny the Defendant's Motion for a Protective Order and to Quash the Subpoena Duces Tecum and further grant the Plaintiffs Cross-Motion for fees and expenses incurred in relation to this motion.

## LEGAL ARGUMENT

### I. THE DEFENDANT IS NOT ENTITLED TO A PROTECTIVE ORDER AS HE HAS FAILED MISERABLY TO SHOW "GOOD CAUSE" AS REQUIRED BY FED. R. CIV. P. 26(C).

Fed. R. Civ. P. 26(c) empowers the court to make a wide variety of orders for the protection of parties and witnesses in the discovery process upon "good cause shown." Rodriguez v. Boehringer Ingelheim Pharms., Inc., 425 F.3d 67, 73 (1st Cir. 2005).

In pertinent part, R. 26(c) provides:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action,[1] and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from

[1] Counsel for the Defendant does not put forth a Certification that counsel has in good-faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, as required by Rule 26(c). Rather, merely an averment is made in the Def.'s Mem. of Law in Supp.

> annoyance, embarrassment, oppression or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(emphasis added).

Thus, as shown above, the rule requires that good cause be shown for a protective order. See Mangosoft, Inc. v. Oracle Corp., 02-cv-545-SM, 2005 WL 2203171, at *2 (D.N.H. Sept. 9, 2005)(citing Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988). This puts the burden upon the party seeking relief to show some plainly adequate reason therefor. Public Citizen, supra, 858 F.2d at 789 (quoting In re Agent Orange Prod. Liability Lit., 821 F.2d 139, 145-146 (2d Cir.) cert. denied, 484 U.S. 926 (1987).

To show good cause under Rule 26, courts have commonly balanced "the burden of proposed discovery against the likely benefit." Gill v. Gulfstream Park Racing Assoc., 399 F.3d 391, 400 (1st Cir. 2005)(citing In re Sealed Case (Medical Records), 381 F.3d 1205, 1214-1217 (D.C. Cir. 2004)).

In the case sub judice, the Defendant has asserted several procedural defects in support of his motion for a protective order, none of which provide a sufficient basis upon which to grant a protective order.[2] Not surprisingly, the

---

[2] Defendant has asserted that the Notice of Deposition is defective because the Notice commanded Defendant's appearance on April 30, 2007, but was not served upon the Defendant until May 1, 2007, and thus, ostensibly an adequate basis of 'good cause' for a protective order.

The Plaintiffs could not disagree any more. Here, the procedural defect alleged, (which is a direct result of an extremely difficult and arduous service of process) does not further the policies behind granting a protective order: to protect parties from annoying, embarrassing, oppressing requests or placing an undue burden or expense upon the party from whom discovery is sought. Rather, the only cognizable result of the procedural defect is that Defendant was unable to comply with the Notice. Furthermore, the Plaintiffs have not sought the unnecessary enforcement of this Notice because (1) counsel understood that since the Notice was not served sufficiently prior to the deposition date, it could be rescheduled; and (2) this issue might be resolved at the Rule 16 Conference. Thus, this procedural defect clearly does not provide a proper basis upon which this Court could find "good cause" sufficient to grant a protective order.

Defendant himself has offered no facts in support of a position of no liability. Nevertheless, the Defendant has only asserted a single potential burden of the proposed discovery, that "the breadth of the [document] requests potentially requires an effort more than the limited time afforded to Defendant to produce said documents." Def.'s Mem. of Law in Supp. at 3.

Defendant does not challenge the relevancy or even the discovery requested, rather the Defendant transparently and inadequately avers that the limited time afforded to the Defendant to respond to the Plaintiffs' discovery requests is unreasonable. However, as pointed out above, this Court (by Pretrial Order) has stayed all factual discovery pending entry of its decision on the Defendant's Motion to Dismiss. Thus, the Defendant's concerns in connection with the limited time provided are baseless, no longer are applicable, and thus an insufficient basis upon which to grant a protective order.

Therefore, this Court ought properly deny the Defendant's Motion for a Protective Order as the Defendant has failed to show "good cause" as required by Fed. R. Civ. P. 26(c).

### A. THE DEFENDANT DID NOT HAVE SUBSTANTIAL JUSTIFICATION TO SEEK A PROTECTIVE ORDER AND THUS SHOULD BE REQUIRED TO PAY THE EXPENSES INCURRED BY THE PLAINTIFFS IN CONNECTION WITH THIS MOTION.

Motions for protective order are first governed by Rule 26(c), which sets forth the standard for granting or denying such motions. Fed. R. Civ. P. 26(c). Rule 26(c) also provides for the award of expenses if the motion fails:

> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed. R. Civ. P. 26(c). The standard for recovery pursuant to Rule 37(a)(4) is in relevant part:

> . . . that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(emphasis added).

The First Circuit, in interpreting what constituted "substantially justified" circumstances, looked towards the Supreme Court, stating "'substantially justified' does not mean 'justified to a high degree,' but only 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" Sheppard v. River Valley Fitness One, L.P., 328 F.3d 1, 11-12 (1st Cir. 2005)(sanctions granted pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4) for continuously advocating a questionable protective order)(quoting Pierce v. Underwood, 487 U.S. 552 (1988)).

Initially, as stated above, the Defendant has failed miserably to set forth a proper basis of good cause upon which this Court could grant a protective order. Further, the Plaintiffs most respectfully submit that it should be patently obvious that the Defendant filed this motion without substantial justification, in bad-faith and pursuant to a defense litigation strategy of obfuscation and delay.

The Defendant was obviously aware that this Court had scheduled a Rule 16 Conference for May 2, 2007, on the very day after the instant motion was filed (Def.'s Mem. of Law in Supp. at 1) during which such issues could have been more appropriately raised and discussed with the Court and counsel. In particular, Fed. R. Civ. P. 16 states that one of its objectives is to "discourage wasteful pretrial activities." Furthermore, Rule 16 states that "subjects appropriate for consideration at Pretrial Conferences" include "the control and scheduling of discovery, including orders affecting disclosure and discovery pursuant to Rule 26 and Rule 29 through 37." Fed. R. Civ. P. 16(c)(6).

Rather, the Defendant proceeded to file this Motion for a Protective Order on the same day as entering its Notice of Appearance with the Court on behalf of the Defendant, the day before a Court Scheduled Rule 16 Conference. As a result, the Plaintiffs have now been forced to respond to an unnecessary and premature motion for a protective order and incurred expenses in the process.

Thus, because no reasonable person or attorney for that matter, could find that the Defendant was substantially justified in bringing a Motion for a Protective Order, one day prior to a known scheduled conference, which was scheduled exactly for the purpose of resolving such disputes, Sheppard, supra, 428 F.3d at 11-12, this Court ought properly grant the Plaintiffs' Cross-Motion for fees and expenses incurred in relation to this motion, pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4).

## II. DEFENDANT'S MOTION TO QUASH THE SUBPOENA DUCES TECUM OUGHT PROPERLY BE DENIED AS THE PURPORTED PROCEDURAL DEFECTS ARE SURELY CURABLE AND ANY OF THE ALLEGED BURDENS HAVE BEEN RENDERED MOOT.

In support of its Motion to Quash the Subpoena Duces Tecum, the Defendant has asserted that there are several procedural defects in the Plaintiffs' Subpoena Duces Tecum. Furthermore, the Defendant has asserted that the timeliness of the notice is unreasonable in light of the circumstances. Ignoring the fact that these are the exact type of issues a Rule 16 Conference is obliged to resolve and the fact that these motions were filed the day prior to a Scheduled Rule 16 Conference, the procedural defects in the Plaintiffs' Subpoena Duces Tecum are curable and furthermore, the Defendant's alleged burden in having limited time to respond to the Subpoena have been rendered moot by this Court's Pretrial Order, dated May 2, 2007.

### A. REQUIREMENT OF AN INITIAL CONFERENCE PURSUANT TO FED. R. CIV. P. 26(D) HAS BEEN RENDERED MOOT AND IN THE ALTERNATIVE CAN BE CURED.

In support of its Motion, the Defendant first asserts that the Fed. R. Civ. P. 26(d) requires an initial conference prior to noticing a deposition. The Defendant is correct that an initial conference, pursuant to Fed. R. Civ. P. 26(f) is required prior to the commencement of discovery. The purpose of this rule is for the litigants to meet in person and plan discovery, eventually submitting a joint proposal to the Court in anticipation of a Rule 16 Conference. Fed. R. Civ. P. Comments to the 1993 Amendments (subdivision (f)).

Due to circumstances of this case, the Plaintiffs were unable to get in contact with the Defendant in order to conduct an initial conference, pursuant to R. 26(f). Plaintiffs submit that because the Defendant practiced evasive techniques, particularly with regards to service, there was a significant level of difficulty involved in speaking with the Defendant. Furthermore, even though the parties did not have a Rule 26(f) Conference, this Court proceeded with a Rule 16 Conference, at which this Court ordered that all factual discovery is to be completed four (4) months after its decision on the Defendant's Motion to Dismiss.

Since the Court has already set out the initial timeline for completion of discovery and as the main purposes of a R.26(f) conference no longer prevail, the Defendant's assertion that the Plaintiffs' Subpoena Duces Tecum should be quashed on the basis of this procedural defect has been rendered moot. Furthermore, in the alternative, the Plaintiffs may cure this and any other procedural/mechanical defect by having a conference with the Defendant setting out a proposed schedule for discovery subject to the entry of this Court's consideration of the Defendant's Motion to Dismiss.

**B. THE DEFENDANT WILL BE PROVIDED WITH A SIGNIFICANT AMOUNT OF TIME TO PRODUCE SAID DOCUMENTS.**

The Defendant also asserts that "the breadth of the requests may potentially require an effort more than the limited time afforded to Defendant to produce said documents." Def.'s Mem. of Law in Supp. at 3. The Defendant

states that compliance with the Subpoena by May 7, 2007, within six (6) days of service would be unreasonable, yet the Defendant curiously fails to particularize any details regarding the breadth of the documents to be produced. It would not be unexpected were the Defendant to produce an index of documents generally maintained in the normal course of business by any money manager/financial caretaker.

The Plaintiffs would submit that because this Court has stayed all factual discovery until entry of its decision on the Defendant's Motion to Dismiss, Pretrial Order 5/2/07, any argument that the Defendant cannot comply with the time afforded has been rendered moot, as those deadlines are no longer applicable.

Furthermore, the Plaintiffs respectfully submit that this Court should not quash its Subpoena Duces Tecum. In support, the Plaintiffs aver that the Subpoena and accompanying instructions provided important notice and guidance to the Defendant to preserve the requested documents. These instructions to preserve are particularly important to this case as the Defendant, upon information and belief, is in possession of certain documents unavailable to the Plaintiffs.

As such, the Plaintiffs respectfully submit that "timeliness of the notice" is an inadequate reason upon which to grant the Defendant's Motion to Quash.

### C. THIS COURT HAS STAYED FACTUAL DISCOVERY PENDING ENTRY OF THE ITS DECISION ON THE DEFENDANT'S MOTION TO DISMISS.

Finally, the Defendant submits that because the he intends upon filing a Motion to Dismiss the Complaint, it would be unfair to permit the Defendant's depositions to go forward. He has now done so yet there is notoriously absent from the submissions any factual challenge to the allegations of the Complaint.

Again, as stated above, this Court has stayed factual discovery pending entry of its decision on the Defendant's Motion to Dismiss, as such, this reason upon which the Defendant sought to have its Motion to Quash granted has been rendered moot. Furthermore, the Plaintiffs would most respectfully point out that had the Defendant had waited another day, these issues would have been more appropriately discussed and addressed at the Court scheduled Rule 16 Conference. Again, the Plaintiffs have been forced to unnecessarily respond to these papers due to the Defendant's premature and unnecessary filings.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully submit that this Court ought properly deny the Defendant's Motion for a Protective Order and to Quash the Subpoena Duces Tecum in their entirety and grant the Plaintiffs' Cross-Motion for fees and expenses incurred in relation to this motion.

Respectfully Submitted,

LAW OFFICES OF PETER W. TILL
Attorneys for Defendant

By: ______________________
Peter W. Till

Dated: May 15, 2007