**LAW OFFICES OF PETER W. TILL**
(Pro Hac Vice Admission)
105 Morris Avenue - Suite 201
Springfield, New Jersey 07081
(973) 258-0064
Counsel for Plaintiffs

**LAW OFFICES OF MICHAEL KELLY**
55 Pine Street, Fifth Floor
Providence, RI 02903
(401) 490-7874
Local Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ELLEN MOONEY, DANIEL J. MOONEY, IV, KATHLEEN MOONEY, JAQUELYNE M. GAMBILL<br>*Plaintiffs.*<br>*vs.*<br>JAMES VIEIRA,<br>*Defendant.* | Civil Action No.: 1:07-CV-00084 (WES)<br>**CIVIL ACTION** |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO THE DEFENDANT'S MOTION TO DISMISS

On the brief:
Peter W. Till, Esq.

Oral Argument Requested

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW

1. MOTION TO DISMISS STANDARD PURSUANT TO FED. R. CIV. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. MOTION TO DISMISS FOR LACK OF STANDING OR PURSUANT TO FED. R. CIV. P. (12)(B)(6) . . . . . . . . . . . . . . 5

LEGAL ARGUMENT

1. THE PLAINTIFF DANIEL J. MOONEY, IV, HAS ESTABLISHED PROPER STANDING AS THE ACTING SUCCESSOR TRUSTEE OF THE BARBARA F. MOONEY REVOCABLE TRUST TO BRING THIS ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2. THE PLAINTIFFS IN THEIR RESPECTIVE INDIVIDUAL CAPACITY HAVE ESTABLISHED STANDING AND THUS ARE ENTITLED TO PROCEED WITH THIS ACTION AGAINST THE DEFENDANT. . . 8

3. THE CASE SUB JUDICE IS NOT SUBJECT TO THE PROBATE EXCEPTION AND ACCORDINGLY THE FEDERAL COURT OUGHT PROPERLY PROCEED TO EXERCISE ITS JURISDICTION WITHOUT INTERFERENCE TO THE MATTER BEFORE THE PROBATE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Cases:** **Page**


Dartmouth Review v. Dartmouth College, 899 F.3d 13 (1st Cir. 1989) . . . . . . . . . . 5

Georges v. Glick, 856 F.2d 971 (7th Cir. 1988) . . . . . . . . . . 11

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) . . . . . . . . . . 6, 7, 8

Mangieri v. Mangieri, 226 F.3d 1 (1st Cir. 2000) . . . . . . . . . . 11

Markham v. Allen, 326 U.S. 490 (1946) . . . . . . . . . . 10

Murphy v. United States, 45 F.3d 520 (1st Cir. 1995) . . . . . . . . . . 4

Marshall v. Marshall, 547 U.S. 293, 126 S.Ct. 1735 (2006) . . . . . . . . 11-12, 13

Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40 (1st Cir. 1994) . . . . . . . . . 5

Rental Housing Assoc. of Greater Lynn v. Hills, 548 F.2d 388 (1st Cir. 1977) . . . . . . . . . . 5

Roma Constr. Co. v. aRusso, 96 F.3d 566 (1st Cir. 1996) . . . . . . . . . 5

Skwira v. United States, 344 F.3d 64 (1st Cir. 2003) . . . . . . . . . . 4

United States v. AVX Corp., 962 F.2d 108 (1st Cir. 1992) . . . . . . . . . 5

Valentin v. Hosp. Bella Vista, 254 F.3d 358 (1st Cir. 2001) . . . . . . . . 4, 5, 12

Warth v. Seldin, 422 U.S. 490 (1975) . . . . . . . . . . 5


**Federal Statutes:**


Fed. R. Civ. P. 9(b) . . . . . . . . . . 8

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . 4

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . 5

**Other Authority:**

5A Charles A. Wright & Arthur R. Miller,
Federal Practice and Procedure, § 1360 (2d Ed. 1990) . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of the Plaintiffs, Ellen Mooney, Daniel J. Mooney, IV, Kathleen Mooney and Jaquelyne M. Gambill (collectively "Plaintiffs") in opposition to Defendant's Motion to dismiss the Plaintiffs' Complaint.

For the reasons stated below, the Plaintiffs respectfully submit that this Court ought properly deny the Defendant's motion in its entirety.

## FACTUAL BACKGROUND

The facts relevant to this cross-motion are set forth in the Certification of Peter W. Till[1], dated May 21, 2007, which is submitted herewith. For the sake of brevity, the following is a short summary of the relevant facts.

During the early 1990's, Captain Daniel J. Mooney, Jr. and his wife Barbara Mooney (the "Mooney's") conferred with financial advisor and planner, Defendant James Vieira ("Vieira" or "Defendant"). Till Cert. Ex. A, Compl. ¶ 8[2].

Thereafter, in August 2000, the Mooney's consulted with their attorney Robert Arsenault, Esq. to execute a new Living Trust and new Will. Till Cert. Ex. B. As part of the Mooney's estate planning, all the assets of their estate were placed into a Trust. Id. Furthermore, Daniel J. Mooney, III (son of Captain Daniel J. Mooney, Jr. and Barbara Mooney) was named successor trustee followed by Debbie Mooney. Id.

---

[1] The accompanying Certification of Peter W. Till is referred to herein as "Till Cert.".

[2] The Complaint attached as Exhibit A to the Certification of Peter W. Till is referred to herein as "Compl. ¶_."

In April 2005, Captain Daniel J. Mooney, Jr. passed away. Compl. ¶ 9.

After Captain Daniel J. Mooney, Jr. passed away, Barbara Mooney continued to reposit responsibility and trust with the Defendant, apparently including total control over the finances of her and her husband. Compl. ¶ 10.

Barbara Mooney was initially named executor of the estate, however, subsequent to the Summer of 2005 and after numerous incidents, application was made on behalf of Barbara Mooney to the State of Rhode Island seeking to declare Barbara Mooney incompetent. Compl. ¶ 15.

On June 8, 2005, John Payne, Esq. was appointed Temporary Guardian for Barbara Mooney as a result of the court proceedings, which concluded that James Vieira was not proceeding in the best interests of Barbara Mooney. Compl. ¶ 16.

On July 19, 2005, John Payne, Esq. was appointed Permanent Guardian over Barbara Mooney by the Probate Court by the Town of Hopkinton, Rhode Island. Compl. ¶ 17.

In line with the Living Trust and Will of the Mooney's, Daniel J. Mooney, III was named successor Trustee of the Barbara F. Mooney Revocable Trust ("Revocable Trust"). Till Cert. Ex. C.

In August 2005, Daniel J. Mooney, III became ill and passed away on February 16, 2006. Prior to passing, Daniel J. Mooney, III named Plaintiff Daniel J. Mooney, IV successor trustee for the Revocable Trust, by document dated September 1, 2005. Till Cert. Ex. C.

The Plaintiff Daniel J. Mooney, IV continues as the successor Trustee to the present time.

Within the time period that James Vieira was apparently in control of Barbara Mooney's money and assets, large sums of money were withdrawn and taken from her estate, including but not limited to checks negotiated to his daughter, Denise Vieira so as to further divert Barbara Mooney's money in order to avoid detection, to secrete said transactions and further absent any accounting of monies, to which he had no entitlement. Compl. ¶ 19.

On or about March 5, 2007, the Plaintiffs commenced the above-captioned action against the Defendant in connection with the alleged misappropriation of funds belonging to the late Captain Daniel J. Mooney, Jr. and Barbara Mooney. Till Cert. Ex. A.

On April 4, 2007, the Defendant filed a *pro se* Answer denying in full the entirety of the Plaintiff's Complaint. Till Cert. Ex. D.

On May 1, 2007, Mark B. Morse, Esq. entered a Notice of Appearance on behalf of the Defendant.

On May 3, 2007, the Defendant brought the instant motion to dismiss the Plaintiff's Complaint. In support of its motion, the Defendant transparently asserts that the Plaintiffs lack standing to bring this action, and in the alternative, that this Court lacks Subject Matter Jurisdiction.

Plaintiffs respectfully submit that they have standing to bring this action as they have shown a particularized harm suffered as a result of the Defendant's conduct. Further, the Plaintiff Daniel J. Mooney, IV, acting successor trustee represents the interests of the Barbara F. Mooney Revocable Trust and thus has established standing.

Additionally, the Plaintiffs respectfully submit that because the property at issue in the case sub judice is not within the custody of the state probate court, this Federal Court of equity may properly adjudicate this matter without interference to the matter before the probate court.

Therefore, the Plaintiffs respectfully submit that this Court ought properly deny the Defendant's Motion to dismiss the Plaintiffs' Complaint.

## STANDARD OF REVIEW

### 1. MOTION TO DISMISS STANDARD UNDER RULE 12(B)(1)

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1) (1992). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003)(citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Questions of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) encompasses a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including mootness, the

existence of federal question and diversity. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001).

A moving party may mount a "sufficiency challenge," taking the plaintiff's "jurisdictionally significant facts as true" and requiring the court to "assess whether the plaintiff has propounded an adequate basis for subject matter jurisdiction." Id. at 363. In the alternative, when the jurisdictional significant facts are distinct from the case's merits, a moving party may bring a "factual challenge," in which case the court addresses "the merits of the jurisdictional claim by resolving the factual dispute between the parties." Id.

## 2. MOTION TO DISMISS FOR LACK OF STANDING OR PURSUANT TO FED. R. CIV. P. 12(B)(6)

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975).

"In practical effect, then, the standard is much the same as that traditionally applied to motions to dismiss made under Fed. R. Civ. P. 12(b)(6)." United States v. AVX Corp., 962 F.2d 108, 114 (1st Cir. 1992); see e.g., Rental Housing Assoc. of Greater Lynn v. Hills, 548 F.2d 388, 391 (1st Cir. 1977); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1360 (2d Ed. 1990).

Thus, for purposes of reviewing the Defendant's motion to dismiss, all reasonable inferences from properly pleaded facts are to be drawn by the Court

in the Plaintiffs' favor. Roma Constr. Co. v. aRusso, 96 F.3d 566 (1st Cir. 1996)(citing Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994); Dartmouth Review v. Dartmouth College, 899 F.3d 13, 16 (1st Cir. 1989)).

## LEGAL ARGUMENT

### 1. THE PLAINTIFF DANIEL J. MOONEY, IV, HAS ESTABLISHED PROPER STANDING TO BRING THIS ACTION AS THE ACTING SUCCESSOR TRUSTEE OF THE BARBARA F. MOONEY REVOCABLE TRUST.

Defendant has asserted that the above-captioned actions should be dismissed because the Plaintiffs do not have standing. Simply stated, the doctrine of standing requires that the party seeking relief be the proper party to advance the litigation.

The Supreme Court has distilled the law of standing into a formulation under which a plaintiff is required to show: (1) an "injury in fact" which is concrete; (2) a causal connection between the injury and the defendant's conduct or omissions; and (3) a likelihood that the injury will be redressed if the action proceeds to a judgment for the plaintiff. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Defendant asserts that because the injuries alleged are specific to Barbara Mooney, the Plaintiffs cannot claim a particularized injury from the Defendant's actions. The Plaintiffs respectfully disagree with the Defendant's posture.

Daniel J. Mooney, IV, is the current acting successor Trustee for the Revocable Trust. Till Cert. Ex. C. The allegations before the Court are that the Revocable Trust of Barbara F. Mooney has been harmed, and as acting successor

Trustee, the Plaintiff Daniel J. Mooney, IV, must act to protect against those harms. Furthermore, accepting all material allegations in the complaint as true, it should be evident that the Revocable Trust was harmed significantly. Thus, contrary to the Defendant's assertions, the Plaintiff Daniel J. Mooney, IV has shown a particularized injury which would satisfy the first prong of Lujan test.

The second prong of the Lujan test requires that there be a casual connection between the injury and the conduct complained. In the case sub judice, the Plaintiffs have alleged that the Defendant misappropriated assets which were intended to be within the Trust. Compl. ¶¶ 19-23; 49-52; 55-65. Taking all reasonable inferences in a light most favorable to the Plaintiffs, this Court ought properly find that the Defendant misappropriated numerous assets which should have rightfully remained in the Revocable Trust. Thus, there is an uncontroverted and a clear connection between the conduct and injury claimed.

The final prong of the Lujan test requires a showing that the injury will likely be redressed by a favorable adjudication for the Plaintiffs. There is absolutely no doubt that a favorable adjudication will result in a remedy that will redress the injury asserted. In particular, an immediate accounting of the monies spent by the Defendant will clearly redress the injuries suffered by the Revocable Trust, as the Trustee will gain a better understanding of its current assets.

Thus, taking all reasonable inferences in a light most favorable to the Plaintiff Daniel J. Mooney, IV, this Court ought properly find that the Plaintiff

Daniel J. Mooney, IV has established standing to proceed with this action, pursuant to the test enunciated in Lujan, supra.

## 2. THE PLAINTIFFS IN THEIR INDIVIDUAL CAPACITY HAVE ESTABLISHED STANDING AND THUS ARE ENTITLED TO PROCEED WITH THIS ACTION AGAINST THE DEFENDANT.

As recited above, the Defendant has asserted that the above-captioned actions should be dismissed because the Plaintiffs do not have standing.[3] The Plaintiffs would most respectfully disagree and would state that they have established a particularized injury which establishes standing under Count III of the Complaint.

As recited above, the Supreme Court has distilled the law of standing into a formulation under which the plaintiff is required to show: (1) an "injury in fact" which is concrete; (2) a causal connection between the injury and the defendant's conduct or omissions; and (3) a likelihood that the injury will be redressed if the action proceeds to a judgment for the plaintiff. See Lujan, 504 U.S. at 560-61.

Defendant asserts that the Plaintiffs cannot point to a particularized harm and thus cannot assert the above-captioned action. Plaintiffs would respectfully

[3] The first subsection of Defendant's Memorandum of Law in Support states, "The Plaintiffs Lack Standing to Bring the Within Claims." Within this section, the Defendant makes reference to the fact that the misrepresentations alleged in Count III of the Complaint were not pled with sufficient particularity as to time, place and substance, pursuant to Fed. R. Civ. P. 9(b). Even though the Defendant did not formally plead this as a basis upon which to dismiss the count, the Plaintiffs will address the Defendant's arguments.

Plaintiffs would respectfully submit that the cause of action sounding in fraud and misrepresentation has been pled with sufficient particularity. Clearly, the time period is during the Defendant's engagement of the Barbara F. Mooney; although no place is specified, like most communication, conversation were done over the phone or in person; and finally, the substance of misrepresentations/omissions are recited in paragraphs 31 and 32 of the Complaint.

submit that the due to the misrepresentation and omissions of the Defendant, the Plaintiffs have suffered injury in the form of additional caretaking for their mother/grandmother Barbara F. Mooney and a severely damaged relationship.

Based upon the representations of the Defendant, Compl. ¶¶ 31, 32, the Plaintiffs allowed their mother/grandmother Barbara F. Mooney to proceed pursuant to the advisement of the Defendant. By doing so, Barbara F. Mooney's financial status was affected greatly, resulting in the liquidation of various assets. Compl. ¶¶ 21, 22. As such, the Plaintiffs were required to take numerous additional steps to ensure the well-being of Barbara F. Mooney. Thus, as a direct result of the Defendant's misappropriations, misrepresentations and omissions, the Plaintiffs suffered an injury in fact.

Thus, taking all reasonable inferences in a light most favorable to the Plaintiffs, Daniel J. Mooney, IV, Ellen Mooney, Kathleen Mooney and Jaquelyne M. Gambill, this Court ought properly find that the Plaintiffs have established standing to proceed with this action, pursuant to the test enunciated in Lujan, supra.

### 3. **THE CASE SUB JUDICE IS NOT SUBJECT TO THE PROBATE EXCEPTION AND THE FEDERAL COURT OUGHT PROPERLY EXERCISE JURISDICTION WITHOUT INTERFERENCE TO THE MATTER BEFORE THE PROBATE COURT.**

In the Second Point of the Defendant's Memorandum of Law in support of his motion to dismiss, the Defendant asserts that this Court should dismiss the action because it lacks subject matter jurisdiction over the matter. In support of its argument, the Defendant submits that the instant action is subject to the

probate exception and thus warrants dismissal. The Plaintiffs respectfully disagree, as the instant action does not involve property that is in the custody of the Rhode Island State Probate Court and thus, the probate exception is inapplicable to the case at bar.

The doctrine of the probate exception acts to exempt certain actions from otherwise proper federal jurisdiction. The determination of what actions are subject to the probate exception, and thus, exempt from federal jurisdiction has been the ire of many federal courts. This is due to the language of the test enunciated by the Supreme Court in Markham v. Allen, 326 U.S. 490 (1946).

In the Markham decision, the Court stated:

> It is true that a federal court has no jurisdiction to probate a will or administer an estate . . . . But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceeding or assume general jurisdiction of the probate or control of the property in the custody of the state court.

326 U.S. at 494 (emphasis added).

The Court continued:

> While a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . . it may exercise its jurisdiction where the final judgment does not undertake to interefere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

Id. (emphasis added).

Lower courts have struggled with the determination of when a proceeding "interferes with the probate proceeding." As such, some courts used a broad stroke in applying the probate exception test and block federal jurisdiction over a range of matters well beyond probate. Mangieri v. Mangieri, 226 F.3d 1, 2-3 (1st Cir. 2000)(breach of fiduciary duty of executor)(cited by the Defendant); Georges v. Glick, 856 F.2d 971, 973 (7th Cir. 1988)("as a general matter, courts tend to view the probate exception as extending to all suits 'ancillary' to the probate of a will.").

The Supreme Court, in finding that Courts were blocking federal jurisdiction to liberally, addressed this situation in Marshall v. Marshall, 547 U.S. 293, 126 S.Ct. 1735 (2006)("[The Ninth Circuit] read the [probate] exception broadly to exclude from the federal courts' adjudicatory authority . . .".)

In doing so, the Supreme Court clarified the phrase "interfere with the probate proceeding," stating that "we comprehend the 'interference' language in Markham as essentially a reiteration of the general principle that, when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Id. at 1748.

"Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from

adjudicating matters outside those confines and otherwise within federal jurisdiction." Id. (Supreme Court held that the probate exception was not applicable to deprive court of jurisdiction over widow's claim that stepson tortiously interfered with her expectancy of inheritance or gift from decdent).

Ostensibly, the Defendant has submitted a "sufficiency challenge" to the subject matter jurisdiction, and thus, this Court ought properly accept the jurisdictionally significant facts as true. Valentin, supra, 354 F.3d at 363.

The Defendant asserts that because Barbara F. Mooney has been appointed a guardian, all claims as to her property must be prosecuted by the guardian in the Probate Court. The Plaintiff vigorously disagrees.

The claims at the case at bar do not seek to obtain res which is currently the subject of a probate hearing or within the custody of the Probate Court. Rather, the Plaintiffs seek to recover the assets of the Revocable Trust which the Defendant has improperly misappropriated by fraud, deceit and undue influence.

The case sub judice does not involve the administration of an estate, the probate of a will or any other purely probate matter. Rather, the Plaintiffs have claimed widely recognized tort and contract claims. Furthermore, the Plaintiffs seek in personam judgment from the Defendant, not the annulment of a will. Finally, the Plaintiffs do not seek to reach res which is currently within the custody of the State Probate Court. See Marshall, supra.

Application of the probate exception to the case at bar would not support the policy reasons behind the probate exception. The probate exception was

created to support the principle of comity and to ensure that only a single court adjudicated the rights in a certain property. As such, being that probate is a purely state matter, federal courts recognized the exception of such matters from within its jurisdiction.

That being the case, the matter before the court does not sound in probate, but rather in tort and contract claims. Furthermore, the res which the Plaintiffs seek to recover is within the sole possession of the Defendant, and is no way before the Probate Court. The claims as to res are made by the Trustee, on behalf of the Revocable Trust and the other Plaintiffs, individually, on behalf of the injuries they have suffered. Finally, the probate proceeding to which the Defendant attempts to guide this Court does not involve the probate of a will or annulment of a will. Rather, the matter to which the Defendant points simply involves with a capacity hearing, where no assets or property are directly at issue, only the mental health of an elderly woman.

As such, there is absolutely no reason that this Court ought not properly exercise federal jurisdiction over the above-captioned action. "No sound considerations militate in favor of extending the probate exception to cover the case at hand." Id. at 1748. Thus, for the reasons stated above, this Court ought properly find that this Court may properly exercise federal subject matter jurisdiction over the above-captioned matter.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully submit that this Court ought properly deny the Defendant's Motion to dismiss the Plaintiffs' Complaint.

Respectfully Submitted,

LAW OFFICES OF PETER W. TILL
Counsel for Plaintiffs
(Pro Hac Vice Admission)

By:______________________________
Peter W. Till

Dated: May 21, 2007