Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 1 of 17

**LAW OFFICES OF MICHAEL KELLY**
**John Mancini, Esq.**
Attorneys for Plaintiff (as local counsel)
55 Pine Street – Fifth Floor
Providence, RI 02903
(401) 490-7334 telephone
(401) 490-7874 facsimile

**LAW OFFICES OF PETER W. TILL**
**Peter W. Till, Esq.**
Attorneys for Plaintiffs
(subject to Pro Hac Vice application to the Court)
105 Morris Avenue - Suite 201
Springfield, New Jersey 07081
(973) 258-0064 telephone
(973) 258-0478 facsimile

CA 07 084S

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ELLEN MOONEY, DANIEL J. MOONEY IV, KATHLEEN MOONEY & JAQUELYNE M. GAMBILL, | |
| | Civil Action No.: |
| *Plaintiff,* | |
| v. | **COMPLAINT & JURY DEMAND** |
| JAMES VIEIRA and JOHN DOES 1-100, | |
| *Defendants.* | |

The Plaintiffs, by way of Complaint against the above named Defendant(s), say:

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 2 of 17

## PARTIES

1. At the time this cause of action arose, and at all times herein, the Plaintiff Ellen Mooney, an individual, resided at and currently resides at 2801 Parker's Landing Road, Mt. Pleasant, South Carolina 29466 and is a resident of the State of South Carolina.

2. At the time this cause of action arose, and at all times herein, the Plaintiff Daniel J. Mooney IV, an individual, resided at and currently resides at 3337 Kaywood Drive, Falls Church, Virginia and is a resident of the State of Virginia.

3. At the time this cause of action arose, and at all times herein, the Plaintiff Kathleen Mooney, an individual, resided at and currently resides at 2885 South Abington Street, Arlington, Virginia 22206 and is a resident of the State of Virginia.

4. At the time this cause of action arose, and at all times herein, the Plaintiff Jacquelyne Gambill, an individual, resided at and currently resides at 6910 Greenvale Court, Frederick, Maryland 21702 and is a resident of the State of Maryland.

5. At all times herein, the Defendant James Vieira, an individual, resided at and currently resides at 12 Valerie Drive, West Greenwich, RI 02817 and is a resident of the State of Rhode Island.

## JURISDICTION & VENUE

6. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332(1) & (2), and 28 U.S.C. §§1331.

The asserted rights and interests of the Plaintiffs exceed seventy five thousand dollars ($75,000.00) exclusive of interest and costs.

Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

7. Venue is properly before the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 as the Defendant maintains a residence and/or business in Rhode Island.

## FACTS COMMON TO ALL COUNTS

8. During the early 1990's, Daniel J. Mooney, Jr. and his wife Barbara Mooney engaged and hired financial advisor, James Vieira.

9. In April 2005 Daniel J. Mooney, Jr. (the husband of Barbara Mooney) passed away.

10. After the passing of Daniel J. Mooney, Jr., Barbara Mooney (the wife of Daniel J. Mooney, Jr.) continued to reposit responsibility and trust with James Vieira, including but not limited to total control of her finances.

At that time and thereafter James Vieira exerted undue influence upon Barbara Mooney, convincing her to believe that her family was plotting against her, and that they would relocate her to a nursing home so that they would be able to take her money.

11. When Daniel J. Mooney III (the son of Daniel J. Mooney, Jr. and Barbara Mooney) became ill in late August 2005 and passed away on February 16, 2006 date of passing), Daniel J. Mooney IV became successor trustee for Barbara Mooney's (his grandmother) personal and legal affairs on September 1, 2005.

12. During the time period prior to the Summer of 2005 James Vieira maintained complete physical and financial control over Barbara Mooney and further sought to isolate Barbara Mooney to the total exclusion of the Plaintiffs.

13. In fact, James Vieira took Barbara Mooney for purported medical treatment to physicians who cooperated with James Vieira and prescribed medication that exacerbated Barbara Mooney's Alzheimer's disease.

14. James Vieira, at no time from the initial engagement, ever provided an accounting of Daniel J. and Barbara Mooney monies or investments.

15. Subsequent to the Summer 2005 and after numerous incidents, application was made on behalf of Barbara Mooney to the State of Rhode Island seeking to declare Barbara Mooney incompetent.

16. On or about June 8, 2005 John Payne, Esq. was appointed Temporary Guardian for Barbara Mooney as a result of State of Rhode Island court proceedings at that time, which concluded that James Vieira was not proceeding in the best interests of Barbara Mooney.

17. On July 19, 2005 John Payne, Esq. was appointed Permanent Guardian over Barbara Mooney by the Probate Court by the Town of Hopkinton, Rhode Island.

18. At that time and later on John Payne, Esq. as Guardian, proceeded to presumably inquire about allegations of mismanagement, misappropriation and misuse of Barbara Mooney's monies and assets.

19. Within the time frame that James Vieira was in control of Barbara Mooney's money and assets, he took large sums of money from her estate, including but not limited to checks negotiated to his daughter Denise Vieira so as to further divert Barbara Mooney's money in order to avoid detection, to secrete said transactions and further absent any accounting of monies, to which he had no entitlement.

20. There was in excess of approximately $3 million in stocks and savings that remain unaccounted for, which otherwise disappeared without explanation and which accordingly left Barbara Mooney without funds.

21. As a result of the unilateral, unauthorized and unaccounted for taking of funds, and James Vieira's otherwise illicit dealings with Barbara Mooney's finances, in addition to her home, John Payne, Esq. was compelled to liquidate Barbara's personal and investment property, thereafter placing these proceeds into her estate.

22. John Payne, Esq., as Guardian, was forced to obtain a home equity loan for Barbara Mooney in order to pay for her healthcare.

The marital home and another piece of real estate were further subsequently liquidated in order to provide financial support for Barbara Mooney.

23. The personal property contents of Barbara Mooney's home also had to be auctioned in order to generate sufficient funds for her healthcare.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 7 of 17

**COUNT ONE**

**(Breach of Contract)**

24. The Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-23 of the Complaint hereinabove as if set forth at length herein.

25. As a direct and proximate result of the Defendants' breach of contract, the Plaintiffs, as family members and caretakers for Barbara Mooney, have and will continue to suffer substantial damages.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 8 of 17

## COUNT TWO

**(Breach of Covenant of Good Faith and Fair Dealing)**

26. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Count One of the Complaint hereinabove as if set forth at length herein.

27. By virtue of the breaches of the agreements as set forth hereinabove, the Defendant has breached the implied covenant of good faith and fair dealing owed to the Plaintiffs.

28. By virtue of the Defendant's conduct and misrepresentations, as previously set forth above, this Defendant breached the implied covenants of good faith and fair dealing owed to the Plaintiffs.

29. As a direct and proximate result of these actions, the Plaintiffs have and will continue to suffer substantial damages.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 9 of 17

## COUNT THREE

**(Fraud/Material Misrepresentation)**

30. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Counts One and Two of the Complaint hereinabove as if set forth at length herein.

31. The Defendant made misrepresentations regarding, among other things, the use and investment of funds, the intended use of the funds, the repayment of the funds, with knowledge of the falsity of said representations, and with the intention that the Plaintiffs rely upon those misrepresentations to Barbara Mooney's detriment.

32. The Defendant intentionally withheld information from the Plaintiffs and intentionally misrepresented information to the Plaintiffs, related to the Defendant's misuse of funds.

33. The Plaintiffs relied on the information forthcoming from Defendant which in fact were knowing misrepresentations of fact all to the Plaintiffs' detriment.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 10 of 17

## COUNT FOUR

### (Breach of Fiduciary Duty)

34. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Counts One, Two and Three of the Complaint hereinabove as if set forth at length herein.

35. The Plaintiffs acknowledged Daniel J. Mooney, Jr. and Barbara Mooney's prior engagement of the Defendant.

36. By virtue of this placement of trust and confidence, a fiduciary relationship was established and existed between the Plaintiffs (on behalf of Barbara Mooney) and the Defendant.

37. With this placement of trust, the Defendant owed a fiduciary duty to the person contracted with at least (Barbara Mooney), with the requisite obligation to exercise fidelity, good faith and primary devotion to the interests of the principal.

38. By refusing to provide a full and frank disclosure and to further make any required payments or honor any term or obligation pursuant to any of the aforementioned agreements, this Defendant breached this duty.

39. In the alternative, the Defendant, moreover intentionally withheld information related to the misappropriation and misuse of funds.

40. As a direct and proximate result of the Defendant's willful breach of the contract and material misrepresentations, the Plaintiffs have and will continue to suffer substantial damages.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 11 of 17

**WHEREFORE,** the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

**COUNT FIVE**

**(Undue Influence)**

41. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and Counts One, Two, Three and Four of the Complaint hereinabove as if set forth at length herein.

42. The Defendant had a confidential relationship with Daniel J. Mooney, Jr. and Barbara Mooney, including but not limited to, serving as their agent and broker.

43. Barbara Mooney was susceptible to influence due to her medical condition and reliance on the Defendant for assistance.

44. The circumstances surrounding Barbara Mooney's relationship with the Defendant and the circumstances surrounding the preparation and execution of any financial documents and transactions are accordingly in question and appropriately subject to inquiry.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

**COUNT SIX**

**(Unjust Enrichment)**

45. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and the prior Counts hereinabove as if set forth at length herein.

46. The Defendant has received monies and benefits to which there is no entitlement.

47. The retention of such benefits by the Defendant without repayment is unjust and constitutes unjust enrichment and wrongful taking of Barbara Mooney's money.

**WHEREFORE**, the Plaintiffs request the following relief:

a. Equitable relief in the form of an immediate accounting;
b. Compensatory damages;
c. Punitive damages;
d. Interest;
e. Reasonable attorney's fees;
f. Costs of suit;
g. Such other relief as the Court may deem equitable and just.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 13 of 17

**COUNT SEVEN**

**(Conversion)**

48. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and the prior Counts of the Complaint hereinabove as if set forth at length herein.

49. James Vieira, in writing checks on Barbara Mooney's bank accounts for his personal expenses, including, but not limited to, car payments, telephone services, landscaping services and life insurance premiums, without authorization from Barbara Mooney, improperly assumed dominion and control over Barbara Mooney's funds for his own use and personal gain, and otherwise deprived Barbara Mooney of her property.

50. James Vieira, in forging Barbara Mooney's names on checks written on Barbara Mooney's bank accounts and depositing said checks into his own account without authorization from Barbara Mooney, improperly assumed dominion and control over Barbara Mooney's funds for his own use and personal gain, and otherwise deprived Barbara Mooney of her property.

51. James Vieira, in writing checks during the subject period as set forth in Paragraphs 1-23 of this Complaint, improperly assumed dominion and control over Barbara Mooney's funds for his own use and personal gain, and otherwise deprived Barbara Mooney of her property.

52. Barbara Mooney has sustained damage as a result of James Vieira's conversion of her property.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 14 of 17

**WHEREFORE,** the Plaintiffs demand judgment against Defendant James Vieira for the total amount of unauthorized payments together with interest, attorney's fees and costs of suit, and for such other and further relief as this Court deems just under the circumstances.

**COUNT EIGHT**

**(Constructive Trust As Against John Does 1-100)**

53. The Plaintiffs repeat, reallege and incorporate the allegations set forth in Paragraphs 1-23 and the prior Counts of the Complaint hereinabove as if set forth at length herein.

54. JOHN DOES 1-100 are individuals or entities to whom assets of the estate have been transferred.

55. JOHN DOES 1-100 are individuals or entities to whom James Vieira transferred monies, real estate, personal property or securities, which James Vieira had purchased with funds that James Vieira illegally obtained from Barbara Mooney.

56. JOHN DOES 1-100 are individuals or entities for whom James Vieira purchased commercial enterprises, real estate, personal property and/or securities with funds that James Vieira illegally obtained from Barbara Mooney.

57. JOHN DOES 1-100 are individuals or entities to whom James Vieira loaned money with funds that James Vieira illegally obtained from Barbara Mooney, which have not been returned or otherwise paid back in full.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 15 of 17

58. JOHN DOES 1-100 are individuals or entities with whom James Vieira invested in commercial enterprises or securities with funds that James Vieira illegally obtained from Barbara Mooney.

59. JOHN DOES 1-100 are individuals or entities for whom James Vieira paid any legal obligation with funds illegally obtained from Barbara Mooney.

60. JOHN DOES 1-100 are individuals or entities to whom, and/or with whom James Vieira made any *inter vivos* transfer or transaction utilizing or involving funds that James Vieira illegally obtained from Barbara Mooney.

61. James Vieira' wrongful acts of misappropriating and converting Barbara Mooney's property resulted in the transfer of said property.

62. A constructive trust should be impressed by the Court over the items of property identified herein, as those items of property were purchased with funds that James Vieira illegally obtained from Barbara Mooney.

63. The failure to impress a constructive trust over the items of property identified herein will result in an unjust enrichment and/or fraud.

64. As James Vieira purchased the subject life insurance policies with funds illegally obtained from Barbara Mooney and written on Barbara Mooney's personal checks, Barbara Mooney is the beneficial owner of those policies.

65. Barbara Mooney is entitled to proceeds of any and all life insurance policies James Vieira purchased with funds illegally obtained from Barbara Mooney, irrespective of the beneficiaries James Vieira named therein.

Case 1:07-cv-00084-S-LDA Document 1-1 Filed 03/05/2007 Page 16 of 17

**WHEREFORE,** Plaintiffs demand judgment against Defendant James Vieira for the total amount of unauthorized payments together with interest, attorney's fees and costs of suit, and for such other and further relief as this Court deems just under the circumstances.

**LAW OFFICES OF MICHAEL KELLY**
John Mancini, Esq.
Attorneys for Plaintiff (as local counsel)
55 Pine Street
Fifth Floor
Providence, RI 02903
(401) 490-7334 telephone
(401) 490-7874 facsimile

By:____________________
John Mancini, Esq.

**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq.
Attorneys for Plaintiffs (subject to Pro Hac Vice application to the Court)
105 Morris Avenue, Suite 201
Springfield, NJ 07081
(973) 258-0064
(973) 258-0478

DATED: January 19, 2007

By:____________________
Peter W. Till, Esq.

**JURY DEMAND**

The Plaintiffs herein demand a trial by jury as to all issues.

**LAW OFFICES OF MICHAEL KELLY**
John Mancini, Esq.
Attorneys for Plaintiff (as local counsel)
55 Pine Street
Fifth Floor
Providence, RI 02903
(401) 490-7334 telephone
(401) 490-7874 facsimile

By: ______________________
John Mancini, Esq.

**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq.
Attorneys for Plaintiffs (subject to Pro Hac Vice application to the Court)
105 Morris Avenue, Suite 201
Springfield, NJ 07081
(973) 258-0064
(973) 258-0478

DATED: January 19, 2007

BY: ______________________
Peter W. Till

JS-44 (Rev. 1/07 RI)

# CIVIL COVER SHEET

CA 07 0845

**I. (a) PLAINTIFFS** ELLEN MOONEY, DANIEL J. MOONEY IV, KATHLEEN MOONEY & JACQUELYNE M. GAMBILL

**DEFEN**[illegible]**AMES VIEIRA and JOHN DOES 1-100**

(b) County of Residence of First Listed Plaintiff ________ (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Kent (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

**John Mancini, Esq.**
**Law Offices of Michael A. Kelly, PC**
**55 Pine Street, Suite 5000**
**Providence, RI 02903**

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**Admiralty**
- [ ] 340 Marine(Injury to Seamen)
- [ ] 120 Marine (Other)

**Admin/Agency Appeals Other**
- [ ] 890 Other Statutory Actions (APA Appeals, IDEA Appeals, Other)

**Bankruptcy**
- [ ] 422 Appeal 28 U.S.C. § 158
- [ ] 423 Withdrawal 28 U.S.C. § 157

**Banks and Banking**
- [ ] 140 Negotiable Instruments
- [ ] 430 Banks and Banking
- [ ] 875 Customer Challenge to Subpoena (12 U.S.C. § 3410)

**Business and Commercial**

**Anti-trust**
- [ ] 410 Anti-Trust

**Construction Contracts**
- [ ] 130 Miller Act
- [ ] 190 Other Contracts

**Securities Law & Stockholder Suits**
- [ ] 160 Stockholders' Suits
- [ ] 850 Securities/ Commodities/ Exchange

**Other - Business/Comm.**
- [ ] 196 Franchise
- [ ] 490 Cable/Satellite TV

**Consumer Credit**
- [ ] 371 Truth in Lending
- [ ] 480 Consumer Credit
- [ ] 190 Other Contracts

**Civil Rights**

**Constitutional Law**
- [ ] 950 Constitutionality of State Statutes
- [ ] 440 Other Civil Rights (Constitutionality of Federal Statutes)

**Elections and Voting**
- [ ] 400 State Reapportionment
- [ ] 441 Voting

**Other - Civil Rights**
- [ ] 440 Other Civil Rights
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 446 Americans with Disabilities

**Copyright & Trademark (Intellectual Property)**
- [ ] 820 Copyright
- [ ] 840 Trademark

**Employment and Employee Benefits**

**Employment Discrimination**
- [ ] 442 Employment
- [ ] 445 Americans with Disabilities-Employment
- [ ] 440 Other -Civil Rights

**ERISA**
- [ ] 791 Employment Ret. Inc. Security Act

**Other Employment Benefits**
- [ ] 190 Other - Contract
- [ ] 442 Other -Employment

**Environmental Law**
- [ ] 893 Environmental Matters

**Indian Law**
- [ ] 890 Other Statutory Actions

**Insurance**
- [ ] 110 Insurance Contract

**Labor and Occupational Safety**
- [ ] 660 Occupational Safety/Health
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 730 Labor/Management Reporting and Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation

**Miscellaneous Civil Cases**
- [ ] 150 Recovery of Overpayment and Enforcement of Judgment (Collections)
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (excluding Veterans)
- [ ] 153 Recovery of Overpayment of Veterans' Benefits
- [X] 370 Other Fraud
- [ ] 440 Other Civil Rights (Immigration/Deportation)
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 610 Agriculture
- [ ] 620 Other Food and Drug
- [ ] 625 Drug related seizure of property
- [ ] 630 Liquor Laws
- [ ] 640 Railroad and Truck

**Miscellaneous Civil Cases Continued**
- [ ] 650 Airline Regs.
- [ ] 690 Other (Forfeiture)
- [ ] 690 Other (Health Care)
- [ ] 810 Selective Service
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party (26 U.S.C. § 7609)
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination under Equal Access to Justice Act

**Patents (Intellectual Property)**
- [ ] 830 Patents

**Prisoner Petitions**
- [ ] 510 Motions to Vacate Sentence (2254)
- [ ] 510 Motions to Vacate Sentence (2255)
- [ ] 530 General (Habeas)
- [ ] 535 Death Penalty
- [ ] 540 Mandamus and Other
- [ ] 550 Civil Rights (1983)
- [ ] 555 Prison Conditions(1983)

**Real and Personal Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease and Ejectment
- [ ] 240 Torts to Land
- [ ] 290 All other Real Property
- [ ] 380 Other Personal Property Damage

**RICO**
- [ ] 470 RICO

**Social Security**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**Torts and Personal Injury**

**Mass Torts**
- [ ] 360 Other Personal Injury

**Products Liability**
- [ ] 195 Contract Product Liability
- [ ] 245 Tort Product Liability
- [ ] 315 Airplane Product Liability
- [ ] 345 Marine Product Liability
- [ ] 355 Motor Vehicle Product Liability
- [ ] 365 Personal Injury Product Liability
- [ ] 385 Property Damage Product Liability

**Professional Malpractice**
- [ ] 362 Personal Injury - Med. Malpractice

**Motor Vehicle Accidents/Slip and Fall**
- [ ] 350 Motor Vehicles
- [ ] 360 Other Personal Injury

**Other Torts and Personal Injury incl. Asbestos cases**
- [ ] 360 Other Personal Injury (Fed. Tort Claims Act)
- [ ] 310 Airplane
- [ ] 320 Assault, Libel and Slander
- [ ] 330 Federal Employers' Liability
- [ ] 360 Other Personal Injury
- [ ] 368 Asbestos Personal Injury

**V. ORIGIN** (Place an "X" In One Box Only)

[X] 1 Original Proceeding [ ] 2 Removed from State Court [ ] 3 Remanded from Appellate Court [ ] 4 Reinstated or Reopened [ ] 5 Transferred from another district (Specify) [ ] 6 Multidistrict Litigation [ ] 7 Appeal to District Judge From Magistrate Judgment

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. Subsection 1332(1) & (2), and 29 U.S.C. Subsection 1331 |
|---|---|
| | Brief description of cause: **Estate Planning Fraud** |

**VII. REQUESTED IN COMPLAINT** [ ] Check if this is a Class Action Under F.R.C.P. 23 DEMAND $ JURY DEMAND: [X] Yes [ ] No (Check YES only if demanded in complaint)

**VIII. RELATED CASE(S) IF ANY** JUDGE ______ DOCKET NUMBER ______

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Date 3/2/07 Signature of Attorney of Record [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. NATURE OF SUIT: Place an X in the appropriate box. Make sure to select the Nature of Suit from the category which best describes the primary cause of action found in your complaint. You must select only one nature of suit.

VIII. RELATED CASES, IF ANY: This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

FOR OFFICE USE ONLY

Receipt # ______ Amount ______ Applying IFP ______ Judge ______ Mag. Judge ______