THORNTON & THOMSEN, INC.
ATTORNEYS AT LAW

ROBERT J. ARSENAULT
PASQUALE A. CAVALIERE*
MATTHEW H. THOMSEN*

OF COUNSEL:
JAMES D. THORNTON
WILLIAM B. THORNTON*

*ALSO ADMITTED IN CONNECTICUT

43 BROAD STREET
P. O. BOX 531
WESTERLY, RI 02891-0531

TELEPHONE (401) 596-4953
CONNECTICUT (860) 535-5808
FACSIMILE (401) 596-6659
E-MAIL: info@thortonandthomseninc.com

August 23, 2000

Captain & Mrs. Daniel J. Mooney, Jr.
P.O. Box 1155
Hope Valley, Rhode Island 02832-7155

Re: **Your Estate Plans**

Dear Captain and Mrs. Mooney:

I felt it would be advantageous to briefly summarize many of the estate planning issues we have discussed to date. You each recently executed a Living Trust and a new Will which contain a number of important features. We have also split up your assets so that you each own sufficient assets in your own name to ensure use of the maximum credit amount against estate taxes. The only remaining task is to transfer the ownership of your real estate parcels to your trusts to avoid probate requirements.

Your Wills name each other as executors of the estate with Dan, III as first successor followed by Debbie. The Will directs that any assets in your estate be transferred to your individual trusts. The Trusts are the centerpiece of your estate plan; they contain the important provisions to minimize estate taxes and provide disposition to your heirs.

As designed, at the death of either of you, all assets would benefit the survivor. Each Trust contains language for a Credit Shelter Trust to preserve for each of you the maximum credit against estate taxes. By crediting this trust with an amount equal to the estate tax exemption, this trust can distribute to the children without being taxed in the estate of the second to die. Once both of you are deceased, each trust provides that the real estate for Debbie is distributed to her free of any mortgage. The rest of your assets are divided up equally between Dan, III and Debbie, with their children receiving their share if they predecease you.

Our objectives have been to treat your children equally, avoid or reduce estate tax where possible and simplify the process of handling your estates. I believe we will have accomplished this when the real estate deeds have been executed and recorded.

As you and I discussed with Jim Vieira, it will benefit both of you to continue making annual exclusion gifts to children and grandchildren.

Please feel free to contact me if you have any questions.

Very truly yours,

Robert J. Arsenault
RJA:rgs

cc: James E. Vieira