AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

## DISTRICT OF RHODE ISLAND

ELLEN MOONEY, DANIEL J. MOONEY, IV, ET AL.

V.

JAMES VIEIRA and JOHN DOES 1-100

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-084S

TO: James Vieira
12 Valerie Drive
West Greenwich, RI 02817

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Offices of Michael A. Kelly, PC, 55 Pine Street, Suite 5000, Providence, RI 02903 | May 7, 2007 at 2:00 p.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Michael A. Kelly, PC, 55 Pine Street, Suite 5000, Providence, RI 02903 | May 7, 2007 at 2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| John Mancini (signature) | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John O. Mancini, Esq. (#6061), Law Offices of Michael A. Kelly, PC, 55 Pine Street, Suite 5000, Providence, RI 02903 (401) 490-7334

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-1-07 | West Greenwich RI |

SERVED ON (PRINT NAME): Ronald Dunn

MANNER OF SERVICE: in hand

SERVED BY (PRINT NAME):

TITLE: Constable # 6139 Ronald J. Russo

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-1-07
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER: PO Box 7581 Warwick RI

X

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Print | Save As... | Export as FDF | Retrieve FDF File | Reset

# EXHIBIT A

## DOCUMENTS REQUESTED

1. Any and all documents relating to or referring to the your engagement by Daniel J. Mooney, Jr. or Barbara Mooney as their financial advisor, including, but not limited to the contract, information documents, correspondence or your notes relating to meetings conducted with the above mentioned persons.

2. Any and all documents relating to or referring to the finances of Daniel J. Mooney, Jr. or Barbara Mooney, during the period prior to your engagement as the financial advisor of the above mentioned persons till now, including, but without limitations, all documents which show their finances, payment of variegated expenses and investments.

3. Any and all documents relating to your advice with respect to the finances of Daniel J. Mooney, Jr. or Barbara Mooney, including but not limited to recommended investments, stocks, strategies and such.

4. Any and all documents relating to or referring to the bank accounts for Daniel J. Mooney, Jr. or Barbara Mooney which are within your possession.

5. Any and all documents relating to or referring to Barbara Mooney which demonstrate an intent by her family, not in Barbara Mooney's best interests or which exhibit an intent by her family to relocate her to a nursing home.

6. Any and all documents, but without limitation, which relate to the medical treatment of Barbara Mooney.

7. Any and all documents, but without limitation, which refer to or relate to Daniel J. Mooney, Jr. or Barbara Mooney's monies or investments.

8. Any and all documents, but without limitation, which refer to or relate to the application made on behalf of Barbara Mooney to the State of Rhode Island seeking to declare Barbara Mooney incompetent.

9. Any and all documents, but without limitation, which refer to or relate to the court proceedings in the State of Rhode Island for the appointment of a Temporary Guardian for Barbara Mooney.

10. All bank statements and bank accounts in your name or within your control, spanning the time period of six months just prior to your engagement as financial advisor for Daniel J. Mooney, Jr. or Barbara Mooney and six months prior to the institution of this action.

11. Any and all documents, but without limitation, relating to or referring to the internal policies of your employer, or if self-employed, any documents referring to the engagement of clients, compliance with any applicable laws or advisement and use of client funds.

12. Any and all documents, but without limitation, which you intend to rely upon for your defense against the Plaintiffs in the instant action.

13. Any and all documents, but without limitation, relating to or dealing with any proceedings or investigations against you by the State of Rhode Island Attorney General's Office.

N:\Mooney\Pleadings\Exhibit A to Depo Notice.doc