UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ELLEN MOONEY; Et Al.

VS. CA NO: 07-084S

JAMES VIEIRA

**DEFENDANT'S REPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), 12(b)(6), and 12(b)(7)**

Plaintiffs objection is fundamentally flawed. Submitted as an exhibit to the Memorandum is a designation naming Daniel J. Mooney IV as trustee. (Plaintiff's Exhibit C to its Memorandum).

Even assuming that Daniel Mooney IV is trustee, as argued by Plaintiffs, it does not elevate his status and allow him the standing necessary to bring these claims. First, as apparent in Plaintiffs' Exhibit B to their memo (the August 23, 2000 letter from Attorney Robert Arsenault) Barbara Mooney's trust only becomes funded upon her death. To the extent that Daniel Mooney IV became successor trustee upon his father's death, his powers can only be exercised in connection with the unfunded trust. Any claim to be brought by Daniel Mooney IV can only be brought in his capacity *qua* Trustee, and not in his individual capacity as alleged in the complaint. In this case, however, Mr. Mooney is precluded from bringing any claim; even as Trustee.

There is no claim asserted in the Complaint that an injury has occurred to the Trust referred to by the Plaintiffs. If, as Plaintiffs now contend, an actionable claim exists to the Trustee, it can only be cognizable as a suit affecting trust property, and has no relation to a Trustee asserting a claim for an injury occasioned to the Trust beneficiary, as distinct from an injury to the Trust. *Carey v. Brown*, 92 US 171 (1875 ); *Markham v. Fay,* 74 F.3d 1347, 1355 (1st Cir 1996).

Plaintiffs continue to ignore that there is a guardian appointed who has the sole legal

authority to present claims on behalf of Mrs. Mooney. *Cheetham v. Cheetham,* 121 RI 337, 341, 397 A.2d 1331, 1333 (1979); *Cochrane v. Trayner*, 93 RI 42, 171 A.2d 80 (1961) . Nothing is raised in Plaintiffs' Memorandum to defeat this most basic proposition.

Accordingly, for the reasons stated in Defendant's Memorandum of Law, and as stated herein, Defendant respectfully requests that Plaintiffs' claims be dismissed.

DEFENDANT
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: John O. Mancini, Esq.
Law Office of Michael Kelly
55 Pine Street, Fifth Floor
Providence, RI 02903

Peter W. Till, Esq.
Law Office of Peter W. Till
105 Morris Avenue, #201
Springfield, NJ 07081

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: May 24 , 2007

/s/ Mark B. Morse